**Irini SHEETS and Leroy Sheets, h/w, Plaintiffs,**

v.

**Helen SCHLEAR, Defendant.**

**Civ. A. No. 89–1519 (SSB).**

United States District Court, D. New Jersey.

Oct. 18, 1990.

**392**

James S. Webb, Jr., Wildwood, N.J., for plaintiffs.

Robert F. Cerino, Goushian, Moordian, Goldsmith and Shea, Westmont, N.J., for defendant.

## OPINION

BROTMAN, District Judge.

Defendant, Helen Schlear, seeks the dismissal of Plaintiffs' Complaint pursuant to Fed.R.Civ.P. 12(b)(5). For the following reasons the motion will be granted.

## I. FACTS AND PROCEDURE

Plaintiffs filed a complaint on April 10, 1989, alleging that Defendant's negligent operation of her automobile injured the Plaintiffs. This court notified Plaintiffs by letter on April 20, 1989, that their Complaint failed to plead properly diversity of citizenship. Plaintiffs cured this defect by filing an Amended Complaint on May 3, 1989.

In accordance with Fed.R.Civ.P. 4(a), the Clerk's Office issued Plaintiffs a summons to serve on the Defendant. Rule 4(j) required Plaintiffs to serve the summons and a copy of the complaint on the Defendant within 120 days of the filing of the Complaint. Plaintiffs faced a deadline of August 31, 1989.

On May 17, 1989 Plaintiffs' counsel allegedly mailed a summons and complaint to the Sheriff of Philadelphia County for service of process in accordance with Fed.R. Civ.P. 4(c)(2)(C)(i). Relying on the Sheriff to serve the Defendant, Plaintiffs did not attempt service by mail pursuant to Fed.R. Civ.P. 4(c)(2)(C)(ii).

On August 21, 1989, ten days prior to the expiration of the 120–day deadline, Plaintiffs had yet to receive an Affidavit of Service. Plaintiffs' counsel telephoned the Sheriff of Philadelphia County to determine whether the Sheriff had in fact served process upon the Defendant. A representative of the Sheriff's office informed counsel that the office had either never received the summons and complaint or had misplaced them. Counsel mailed the Sheriff's office a second copy of the complaint and summons. Although the deadline was rapidly approaching, Plaintiffs did not move for an enlargement of time to effectuate service pursuant to Fed.R.Civ.P. 6(b).

Plaintiffs' counsel telephoned the Sheriff again on October 10, 1989, 40 days past the deadline. A representative informed him that the office received the summons and complaint and forwarded them to a Deputy for service on September 28, 1989, 28 days after the deadline. Plaintiffs do not state in their papers that the representative gave counsel any indication as to when the service might be effectuated. On December 5, 1989, slightly three months past the deadline, Plaintiffs received a Return of Service from the Sheriff, indicating that as of October 10, 1989 the Sheriff was unable to serve the summons and complaint on the Defendant. The Sheriff marked the document, "[n]o answer after numerous attempts." Plaintiffs then hired a private process server, who effectuated service on February 9, 1990, slightly five months past the deadline.

Prior to the receipt of service, this court twice notified Plaintiffs of the possibility of dismissal of the action for lack of prosecution in accordance with Rule 30 A of the General Rules of the District Courts for the District of New Jersey. Plaintiffs' counsel filed affidavits indicating his attempts at service, but never requested an

enlargement of time to effectuate service pursuant to Fed.R.Civ.P. 6(b).

## II. DISCUSSION

■ In order for Plaintiffs' action to survive Defendant's motion to dismiss, Plaintiffs must show "good cause" within the meaning of Rule 4(j) for their failure to serve the defendant within the time limitation imposed by that rule. The Third Circuit stringently applies the Rule, "consistently upholding dismissals of actions where there has not been meticulous effort to comply with its service provisions." *In re City of Philadelphia Litigation*, 123 F.R.D. 515, 518 (E.D.Pa.1988), *citing Napier v. Thirty or More Unidentified Federal Agents*, 855 F.2d 1080, 1088 n. 4 (3d Cir. 1988); *Braxton v. United States*, 817 F.2d 238 (3d Cir.1987); *Stranahan Gear Co., Inc. v. NL Industries, Inc.*, 800 F.2d 53, 56 (3d Cir.1986). The "good cause" provision of Rule 4(j) protects "diligent plaintiffs who, though making every effort to comply with the dictates of the rule, nonetheless exceed the 120-day limit for service." *Green v. Humphrey Elevator and Truck Co.*, 816 F.2d 877 (3d Cir.1987). One commentator has remarked with regard to the 120-day time limit that, "[t]he lesson to the federal plaintiff's lawyer is not to take any chances. Treat the 120 days with the respect reserved for a time bomb." Siegel, *Practice Commentary on Amendment of Federal Rule 4 (Eff. Feb. 26, 1983) with Special Statute of Limitations Precautions*, 96 F.R.D. 88, 109 (1983).

■ In this instance, Plaintiffs' counsel treated the 120 days with the respect reserved for a child's cap gun. His actions did not meet the stringent test of Rule 4(j). Plaintiffs' "good cause" argument rests on the fact that the Defendant was an elderly, arthritic woman. Plaintiffs claim that Defendant's age and condition rendered her incapable of always answering the door on her own. Defendant disputes this contention. Plaintiffs offer no explanation as to why they did not attempt service by either registered or first class mail as permitted by Fed.R.Civ.P. 4(c)(2)(C)(ii).

Plaintiffs' counsel points to the fact that the attorney in the subrogation matter arising out of this same occurrence had to personally serve process on the Defendant. Rather than buttress his case, this fact serves to accentuate Plaintiffs' counsel's lack of diligence. Counsel offers no explanation as to why he made no similar attempts.

Plaintiffs relied on the Philadelphia Sheriff's Department to effectuate service on the Defendant. As noted previously, Plaintiffs' counsel learned slightly two weeks prior to the expiration of the 120-day deadline that the Sheriff had either misplaced or not received the summons and complaint. Notwithstanding the abysmal failure of this method of service, Plaintiffs decided to give the Sheriff one more chance and mailed off another copy of the summons and complaint. Apparently confident that the Sheriff would effectuate service immediately, a confidence unsupported by any facts of record, Plaintiffs' counsel did not even telephone the Sheriff to ensure that the Sheriff had in fact received the summons and complaint until one month after the deadline expired.

After learning that the Sheriff had in fact received the summons and complaint, Plaintiffs' counsel once again let the matter slip from his mind. The Sheriff stopped attempting to serve process on October 10, 1989, but for reasons unknown to this court the notice of this fact did not reach the Plaintiffs until December 5, 1989. Diligent efforts on the part of the Plaintiffs' counsel to monitor the attempts at service would surely have revealed the true situation.

Plaintiffs contend that "it appears that the delay in serving said Defendant arose primarily because of Defendant's medical condition which made it appear that she was not home when the process server attempted process." Plaintiffs' Affidavit in Opposition to Motion to Dismiss at ¶ 14. Plaintiffs do not allege, nor does the record reflect any attempts on the part of the Defendant to avoid service, which would constitute "good cause" for failure to effectuate service. *Lovelace v. ACME Mar-*

*kets, Inc.,* 820 F.2d 81, 84 (3d Cir.1987), *cert. denied,* 484 U.S. 965, 108 S.Ct. 455, 98 L.Ed.2d 395 (1987).

It appears from the facts of record that, notwithstanding Plaintiffs' counsel's allegations that he mailed the second copy of the summons and complaint to the Sheriff on August 21, 1989, the Sheriff's office first gave these documents to an officer for delivery on September 28, 1989, a full 28 days past the deadline. Plaintiff made no attempts to monitor the situation to ensure actual service and in fact did nothing further before at least December 5, the day that Plaintiff received the Return of Service from the Sheriff. Furthermore, the private process server retained by Plaintiffs' counsel did not manage to effectuate service until two months after counsel received notice of the Sheriff's failure. This court is confronted with "a scenario of unexplained delinquency on the part of the process server[s] and lack of oversight by counsel." *Braxton,* 817 F.2d at 242.

It thus appears that the delay in service arose not because of any physical disabilities of the Defendant but because of the half-hearted, at best, efforts of counsel to ensure the service of process. Such inadvertence of counsel does not constitute "good cause" for the delay, and will not prevent the dismissal of Plaintiffs' complaint, notwithstanding the harsh result that Plaintiffs' cause of action will be time-barred by the applicable statute of limitations. *Lovelace,* 820 F.2d at 85; *see also Green,* 816 F.2d at 879; *In re City of Philadelphia,* 123 F.R.D. at 520.

## III. CONCLUSION

All litigants who wish to bring their cases in federal court must know and abide by both the Federal and Local Rules of Civil Procedure. The rules and the caselaw on this subject are so explicit that this court can reach no other decision than that Plaintiffs' complaint must be dismissed.