Benjamin WHITE, Jr.

v.

SKF AEROSPACE, INCORPORATED.

Civ. A. No. 88-2722.

United States District Court,
E.D. Pennsylvania.

July 29, 1991.

---

James A. Lineberger, Philadelphia, Pa., for plaintiff.

Stephen J. Sundheim, Philadelphia, Pa., for defendant.

## MEMORANDUM

O'NEILL, District Judge.

### I. *Introduction*

This is an employment discrimination action. In his Third Amended Complaint plaintiff Benjamin White, Jr., a black male, asserts that defendant SKF Aerospace, Inc. ("SKF"), his former employer, has violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. and 42 U.S.C. § 1981. Plaintiff also alleges pendent state law claims of breach of contract and intentional and negligent infliction of emotional distress.

Plaintiff alleges that he was not compensated for a suggestion adopted by defendant and that he was later laid off by the defendant. He seeks compensatory and punitive damages and reinstatement to his former position.

SKF has moved to dismiss the Second Amended Complaint pursuant to Fed. R.Civ.P. Rule 12(b)(5)[1] for failure to comply with Fed.R.Civ.P. Rule 3 and Rule 4(j). SKF has moved to dismiss the Third Amended Complaint for violation of Fed. R.Civ.P. Rule 15(a) and pursuant to Fed. R.Civ.P. Rule 12(b)(6) for failure to state a claim upon which relief may be granted because the claims are time-barred.

For the reasons set forth below, I will grant defendant's motion to dismiss. I will dismiss the Second Amended Complaint for failure of service of process and I will dismiss the Third Amended Complaint for failure to comply with Fed.R.Civ.P. 15(a). I will decline to exercise jurisdiction over plaintiff's pendent state law claims which I will also dismiss. I therefore need not reach defendant's contention that plaintiff has failed to state a claim nor need I discuss whether plaintiff's Third Amended Complaint relates back to his earlier pleadings.

### II. *Plaintiff's Allegations*

Plaintiff alleges the following in his Third Amended Complaint. Plaintiff White is a black male who was employed by SKF as an inspector in its Philadelphia plant. SKF USA, Inc. previously had a unit known as SKF Aerospace, the named defendant in this case.[2]

On or about June 19, 1986, White submitted a suggestion to SKF pursuant to its Employee Suggestion Program. Under this program, SKF encouraged its employees to submit suggestions by paying any employee whose suggestion was implemented 15% of the savings realized. In October, 1986, SKF implemented White's proposal and realized substantial savings. SKF refused to compensate White for his suggestion although many of White's white co-workers were compensated under the suggestion program.

Several times between October and December, 1986, White complained to SKF that he had not been compensated for his proposal. In December, 1986, despite assurances from the president and the personnel manager of SKF that his suggestion represented "money in the bank," SKF denied ever having implemented White's proposal. White was laid off by SKF the same month, on December 23, 1986. White refused a September 24, 1987 offer of recall.

### III. *Procedural History*

To consider defendant's 12(b)(5) motion, I must look to the procedural history of the action. *Sheets v. Schlear,* 132 F.R.D. 391 (D.N.J.1990); *Hubbard v. Aid Assoc.,* 135

---

**1.** Defendant filed its motion to dismiss the Second Amended Complaint pursuant to Fed. R.Civ.P. 12(b)(4) which pertains to the defense of insufficiency of process. As the basis for defendant's motion is instead the insufficiency of service of process, I will treat it as having been made pursuant to 12(b)(5), which pertains

to that defense. *See* 5A C. Wright, A. Miller, & M. Kane, *Federal Practice & Procedure* § 1353 at 276–277 (1990) (explaining the frequent confusion of 12(b)(4) motions with 12(b)(5) motions).

**2.** The motion to dismiss was filed by SKF USA, Inc. on behalf of defendant SKF Aerospace, Inc.

F.R.D. 83 (D.Del.1991).[3] White filed a racial discrimination complaint against SKF with the Equal Employment Opportunity Commission ("EEOC") and was granted a hearing in June, 1987. Although the EEOC later dismissed his complaint for lack of probable cause, White received a Right to Sue Notice from the EEOC on March 4, 1988. On May 18, 1988, White filed a *pro se* complaint and a motion to proceed *in forma pauperis* with this Court. By Order dated the same day, I granted plaintiff *in forma pauperis* status and dismissed his Complaint as frivolous. White sent a letter to the Court dated June 2, 1988, in which he further explained his claim. By Order dated February 17, 1989, I treated his letter as an Amended Complaint and dismissed it as frivolous with leave to amend.

White sent the Court a second letter dated March 20, 1989. By Order dated June 30, 1989, I considered his letter and the First Amended Complaint together to constitute a Second Amended Complaint and held that it sufficiently alleged a claim of employment discrimination under Title VII. In the same Order, I directed the Clerk's Office to file the Second Amended Complaint and to serve the defendant. The docket sheet has no entries for either the filing of the Second Amended Complaint or the issuance of summons and plaintiff admits that defendant was not served.

Approximately a year and a half later, on January 17, 1991, White, represented by counsel, filed a Third Amended Complaint without leave of Court or consent of defendant. In his Third Amended Complaint, White adds new claims against SKF: a § 1981 claim and additional pendent state law claims for breach of contract and intentional and negligent infliction of emotional distress. Defendant SKF does not dispute that it was properly served with the Third Amended Complaint.

---

**3.** The following facts are taken from plaintiff's answering memorandum, the docket sheet and the court file. Plaintiff did not file an affidavit setting forth the grounds allegedly constituting good cause for failure to comply with the 120 day limit of Rule 4(j).

## IV. *Discussion*

### A. *Failure of Service of Second Amended Complaint*

■ SKF moves to dismiss plaintiff's Second Amended Complaint for failure to comply with the Federal Rules. Rule 3 of the Federal Rules of Civil Procedure states that a civil action is commenced by the filing of a complaint. Rule 4(j) requires that the action be dismissed if service of process is not made within 120 days after the filing of the complaint. SKF contends that White disregarded the Court's Order to file his Second Amended Complaint and therefore has not commenced an action in federal court. SKF also contends that White failed to serve the defendant within the 120 day period and that this failure requires that the Second Amended Complaint be dismissed. I first address defendant's contentions regarding service of process.

Under Rule 4(j), a court need not dismiss a complaint if the plaintiff can show good cause for his failure to serve the defendant in time. In evaluating whether plaintiff has shown good cause in this case, I acknowledge the special care to be accorded the *pro se* plaintiff.[4] *White v. Bell of Pennsylvania*, 1989 WL 100042 at 1, 1989 U.S. Dist. LEXIS 10093 at 2 (E.D.Pa. Aug. 28, 1989); *Cardwell v. Yoder*, 1989 WL 100883 at 3 n. 3, 1989 U.S. Dist. LEXIS 10203 at 4 n. 3 (E.D.Pa. Aug. 29, 1989); *Block v. Boeing Military Airplane Co.*, 671 F.Supp. 19 (D.C.Kan.1987). *See also Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

The statute governing proceedings *in forma pauperis* provides that "[t]he officers of the court shall issue and serve all process, and perform all duties in such a case." 28 U.S.C. § 1915(c) (1981). The Court of Appeals for the Third Circuit has not yet determined whether the failure of court officers to comply with § 1915(c) con-

---

**4.** As I noted earlier, plaintiff was not represented by counsel at the time I ordered his Second Amended Complaint to be filed.

stitutes good cause under Rule 4(j). Appellate courts in other Circuits, however, have held that *in forma pauperis* litigants are entitled to rely on the court officers and United States Marshals to effect proper service and will not be penalized for failure to effect service where such failure is not due to fault on the litigant's part. *Romandette v. Weetabix Co.*, 807 F.2d 309, 311 (2d Cir.1986); *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir.1987); *Fowler v. Jones*, 899 F.2d 1088, 1095 (11th Cir.1990).

In my Order dated June 30, 1989 and pursuant to § 1915(c), I directed the Clerk's Office (not, as SKF mistakenly assumes, White) to file the Second Amended Complaint, to issue summons and to serve defendant. Apparently, through some oversight, this was not accomplished.

While plaintiffs proceeding *in forma pauperis* may rely on service by the U.S. Marshals, in order to avoid a penalty for failure to comply with Rule 4(j), "a plaintiff may not remain silent and do nothing to effectuate such service. At a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent service defects of which a plaintiff has knowledge." *Rochon*, 828 F.2d at 1110; *Fowler*, 899 F.2d at 1095; *Romandette*, 807 F.2d at 311. In this case, the docket sheet reflects no action by the plaintiff for nearly a year and a half after I ordered defendant to be served. Plaintiff does not allege that during that time he submitted defendant's name and address to the Marshals or made any inquiry to the Court or the Clerk's Office. I find the failure to serve SKF was due in part to plaintiff's inaction and I will therefore dismiss the Second Amended Complaint for insufficiency of service of process.[5]

### B. *Leave to Amend the Second Amended Complaint*

■ SKF alleges that White's Third Amended Complaint must be dismissed because it was not filed in accordance with Rule 15(a) of the Federal Rules of Civil Procedure. I agree.

Rule 15(a) states that "[a] party may amend the party's pleading once as a matter of course ... Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party". Fed.R.Civ.P. Rule 15(a). "In general, if an amendment that cannot be made as of right is served without leave of court or the opposing party's consent, it is without legal effect ..." 6 Wright & Miller, § 1484 at 601. As White submitted two amendments to his original complaint, his third amendment is not of right. White does not contend that he obtained leave of this Court or consent of SKF to amend his Complaint a third time.

Although plaintiff has disregarded the amendment procedure required by Rule 15(a), I will treat his Third Amended Complaint as a motion for leave to amend, as is within my discretion. *Dolan v. Crusader Savings and Loan Assoc.*, No. 85–4734 (E.D.Pa. December 11, 1985), slip op. at 2, 1985 WL 4327; *see also Heyl & Patterson International, Inc. v. F.D. Rich Housing*, 663 F.2d 419, 425–26 (3d Cir.1981), *cert. denied sub nom. F.D. Rich Housing, Inc. v. Government of Virgin Islands*, 455 U.S. 1018, 102 S.Ct. 1714, 72 L.Ed.2d 136 (1982) (within court's discretion to treat government's opening statement as amendment to pleading); *Walton v. Eaton Corp.*, 563 F.2d 66 (3d Cir.1977) (duplicative new complaint should be treated as amendment to earlier complaint).

The decision to grant or to deny leave to amend is within the discretion of the District Court. *Lewis v. Curtis*, 671 F.2d 779, 783 (3d Cir.), *cert. denied*, 459 U.S. 880, 103 S.Ct. 176, 74 L.Ed.2d 144 (1982). In *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), the Supreme Court created a general standard for the exercise of that discretion:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment,

---

**5.** I therefore need not reach defendant's arguments based on Rule 3.

futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given'.

*Id.* at 182, 83 S.Ct. at 230. SKF does not allege that White has exhibited any "bad faith or dilatory motive," nor does SKF contend that White has repeatedly failed to cure deficiencies in prior amendments. The Third Amended Complaint is not futile as it contains new claims which may have some merit.

The central consideration in the decision to grant or to deny leave to amend is whether defendant SKF would be prejudiced if leave is granted. *See Howze v. Jones & Laughlin Steel Corp.*, 750 F.2d 1208, 1212 (3d Cir.1984) ("[d]elay alone is insufficient ground upon which to deny a motion to amend a complaint; rather the touchstone is whether the non-moving party will be prejudiced if the amendment is allowed"); *Cornell & Co. v. Occupational Safety & Health Review Comm.*, 573 F.2d 820, 823 (3d Cir.1978) ("prejudice to the non-moving party is the touchstone for denial of amendment").

White's Third Amended Complaint was served in January, 1991, almost five years after his claims accrued and three and a half years after the EEOC hearing. Service of the Third Amended Complaint was the first notice that SKF received of White's federal lawsuit against the company. The statute of limitations for a Title VII action is 90 days after plaintiff's receipt of a Right to Sue Notice, which is issued after an EEOC hearing is dismissed. 42 U.S.C. § 2000e–5(f)(1) (1981); *Mosel v. Hills Dep't Store, Inc.*, 789 F.2d 251, 252 (3d Cir.1986) (90 day period operates as a statute of limitations). In Pennsylvania, claims under § 1981 are subject to the state's two year statute of limitations for personal injury actions. *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 662, 107 S.Ct. 2617, 2621, 96 L.Ed.2d 572 (1987); *Gunby v. Pennsylvania Electric Co.*, 840 F.2d 1108, 1111 n. 1 (3d Cir.1988).

In assessing prejudice to defendant, the passage of time since the events which gave rise to this action is important. SKF could not have anticipated the suit arising now, two and a half years after the Title VII statute of limitations expired and over two years after the § 1981 statute of limitations had expired.[6] SKF would be unduly prejudiced in having to defend an action which accrued almost five years ago and of which defendant only recently became aware. *See Robinson v. Cuyler*, 511 F.Supp. 161, 165 (E.D.Pa.1981) (prejudice results from the three year passage of time between the cause of action and the attempted amendment); 6 Wright & Miller, § 1488 at 670 ("risk of substantial prejudice increases with the passage of time").

This case is distinguished from *Kinnally v. Bell of Pennsylvania*, 748 F.Supp. 1136 (E.D.Pa.1990), where the Court held that an EEOC hearing constituted notice of a potential lawsuit against the defendant sufficient to prevent prejudice to the defendant. *Id.* at 1140–41. In *Kinnally*, the original complaint was filed and served on the defendant within a year of the EEOC hearing and the contested amendment was filed six months later. *Id.* at 1139. The defendant in *Kinnally* therefore had formal notice of the federal complaint within a year of the hearing in addition to informal notice from the hearing itself. Here, in part because of White's inaction, SKF was not served with the Second Amended Complaint and therefore did not receive formal notice of the federal suit for three and a half years after the EEOC hearing. The additional passage of time and consequent prejudice to SKF distinguishes this case from *Kinnally*.

*C. Pendent Jurisdiction Over State Claims*

As the only possible basis for jurisdiction in this case is federal question jurisdiction, I may decline to exercise jurisdiction over plaintiff's state claims pendent to the Title VII and § 1981 claims. *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). I therefore

---

**6.** The Title VII statute of limitations expired on June 4, 1988, ninety days after White received his Right to Sue letter. The § 1981 statute of limitations expired either in October 1988, two years after White alleges he was discriminatorily compensated, or in December 1988, two years after he alleges he was discriminatorily laid off.

dismiss plaintiff's state law claims of breach of contract, intentional and negligent infliction of emotional distress and punitive damages.

## V. Conclusion

For the foregoing reasons, I will grant SKF's motion to dismiss White's complaint.