Clement I. MOMAH, Plaintiff,

v.

**ALBERT EINSTEIN MEDICAL CENTER, Defendant.**

No. 94–CV–1593.

United States District Court, E.D. Pennsylvania.

Oct. 20, 1994.

Marshall L. Williams, Philadelphia, PA, for plaintiff.

Dona S. Kahn, Hope A. Comisky, Linda J. Karpel, Anderson Kill Olick & Oshinsky, Philadelphia, PA, for defendant.

*MEMORANDUM AND ORDER*

JOYNER, District Judge.

This civil matter has been brought before the Court by motion of the defendant, Albert Einstein Medical Center (AEMC), which seeks dismissal of the action pursuant to Federal Rules of Civil Procedure 12(b)(5) and 4(m). For the reasons that follow, the defendant's motion to dismiss will be granted.

I. *HISTORY OF THE CASE*

The plaintiff in this action is Dr. Clement I. Momah, a former medical resident at AEMC. Dr. Momah initiated this action by filing a complaint against his former employer on March 7, 1994. On July 5, 1994, 120 days after the filing of the complaint, Dr. Momah's attorney, Marshall Williams, at-

tempted to contact defense counsel "to ascertain where the complaint should be served." Plaintiff's Memorandum at 6. For whatever reason, defense counsel failed to return Mr. Williams's phone call. One day later, on July 6, AEMC was served with process. AEMC subsequently filed this motion seeking the dismissal of Dr. Momah's complaint on the grounds that service of process occurred after the expiration of the time period prescribed in the Federal Rules of Civil Procedure.

## II. *DISCUSSION*

### A. *Standards Applicable to this Rule 12(b)(5) Motion*

█ Pursuant to Fed.R.Civ.P. 12(b)(5), a federal court is empowered to dismiss a case if service of process is insufficient. Rule 4(m) defines sufficiency of process with respect to the time in which service of process must be achieved, providing as follows:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed.R.Civ.P. 4(m). Rule 4(m) went into effect on December 1, 1993, replacing the former Rule 4(j). Under the old rule, a federal district court was required to dismiss a case if service of process was effected after the expiration of the 120 day period, unless the plaintiff showed good cause for the delinquency.[1] The newly adopted rule affords the court a measure of discretion in evaluating

cases where service of process is not completed before the expiration of 120 days, permitting either dismissal or an extension of the time in which service of process may be achieved, even without a showing of good cause. *In re Chambers Dev. Sec. Litig.*, 848 F.Supp. 602, 628 (W.D.Pa.1994). Accordingly, and pursuant to Rule 4(m), if this Court finds that Dr. Momah failed to effectuate service of process within 120 days of the filing of the complaint, it may, in its discretion, either dismiss the action without prejudice or extend the time within which Dr. Momah must serve AEMC with the summons and complaint. The court must, however, extend the time for service if it finds that good cause existed for Dr. Momah's failure to achieve service of process within the prescribed time.

### B. *The Timeliness of Service*

There is little question that Dr. Momah failed to serve the summons and complaint upon AEMC within the time period specified in the rule. The complaint was filed on March 7, 1994. Pursuant to Rule 6(a),[2] therefore, March 8 was the first day of the 120 day period in which service of process should have occurred. Thus, in order to satisfy the rule, Mr. Williams should have ensured that AEMC had been served with the summons and complaint by July 5. Unfortunately for the plaintiff, AEMC was not served until July 6. As a result, this Court is not required to extend the period of time within which service may be completed unless plaintiff makes a showing of good cause. Rule 4(m).

### C. *Good Cause*

█ While Rule 4 does not define good cause, the United States Court of Appeals for

---

1. Former Rule 4(j) provided as follows:

   **Summons: Time Limit for Service.** If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

Fed.R.Civ.P. 4(j) (1993) (amended and renumbered as Rule 4(m)).

2. Rule 6(a) provides as follows:

   In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included.
   Fed.R.Civ.P. 6(a).

the Third Circuit has noted that the good cause standard is at least as stringent as the "excusable neglect" standard under Rule 6(b). *Dominic v. Hess Oil V.I. Corp.*, 841 F.2d 513, 517 (3d Cir.1988); *Braxton v. United States*, 817 F.2d 238, 241 (3d Cir.1987) (quoting *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985)). Accordingly, the party seeking to show excusable neglect must demonstrate that it made a good faith effort to comply with the rule as well as provide some reasonable justification for its noncompliance. *Dominic*, 841 F.2d at 517 (quoting Wright & Miller, *Federal Practice and Procedure*, § 1165 (1987)). Further, the Third Circuit has enunciated a number of factors to apply in determining whether a party's neglect is excusable, including the following: (1) whether the neglect results from professional incompetence, (2) whether the excuse offered is of the type easily manufactured and not verifiable by the court, (3) whether the tardiness results from an attorney's failure to provide for a readily foreseeable consequence, (4) whether the neglect results from a complete lack of diligence, or (5) whether counsel made substantial good faith efforts toward compliance. *Dominic*, 841 F.2d at 517; *Consolidated Freightways Corp. v. Larson*, 827 F.2d 916, 919 (3d Cir.1987).

■ Applying these considerations to the case at hand, the Court finds that there was no good cause for the failure to accomplish service of process within the time period allotted. The only excuse that Dr. Momah offers is that Mr. Williams attempted to contact the defendant's counsel on the final day in which service of process could have been achieved, and that defendant's counsel did not return the phone call. The circumstances suggest, however, that Mr. Williams's inability to contact AEMC's counsel was completely unrelated to his failure to serve process in accordance with Rule 4(m). First, the record indicates that Mr. Williams took no action to serve process upon AEMC until July 5, 1994, the final day on which the summons and complaint could properly have been served. Further, the defendant is not some disreputable, elusive entity, but is instead a hospital, conducting its operations in the broad light of day, a hospital where the plaintiff himself was once employed. This fact, combined with the fact that the hospital was served with the summons and complaint on the very day after Mr. Williams attempted to contact AEMC's counsel, suggests that Mr. Williams could have easily complied with Rule 4(m) even if the defendant's counsel failed to return his phone call. Under these circumstances, the Court concludes that the failure of service was caused by Mr. Williams's lack of diligence, as well as his professional neglect. Accordingly, the plaintiff has failed to show good cause for his failure to serve process in accordance with Rule 4(m).

### D. *Disposition of the Motion*

■ Since the plaintiff has failed to show good cause for his noncompliance with Rule 4(m), this Court must, in accordance with the rule, either dismiss the case without prejudice or select a new date by which service must be effected. Since the rule is new, there is little precedent to guide the exercise of a court's discretion in these matters. The Advisory Committee's note provides some assistance, noting that "[r]elief may be justified, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." Fed.R.Civ.P. 4(m), Advisory Committee Note, 1993 Amendments. It is also clear that the rule's drafters intended for the court to have some flexibility even when the plaintiff is unable to make a good cause showing. The rule and notes suggest, therefore, that a court should rule in favor of a noncomplying plaintiff only where some extenuating circumstance presents itself and compels the court, in the interests of justice, to allow the plaintiff's claim to go forward, even in the absence of good cause.[3]

---

**3.** The examples provided by the Advisory Committee are illustrative. Thus, since Rule 4(m) calls for only a complaint's dismissal without prejudice, to dismiss a plaintiff's claim where the statute of limitations would prevent the claim's refiling would forever bar plaintiff's claim, and would therefore seem to yield a harsher result than the one intended by the rule. Similarly, it

■ This Court finds that no such extenuating circumstance exists in this case. AEMC has done nothing to evade service of process. Further, Dr. Momah does not assert that the statute of limitations has expired on his claim. Absent some indication that the interests of justice would be better served by allowing Dr. Momah's claim to go forward at this stage, this Court declines to exercise its Rule 4(m) discretion in Dr. Momah's favor. Accordingly, and in accordance with Rule 4(m), Dr. Momah's claim is dismissed without prejudice.

## III. CONCLUSION

For the reasons stated above, this Court dismisses Dr. Momah's complaint without prejudice.

would be unjust to allow a defendant to benefit from Rule 4(m) if it is determined that he has

purposefully evaded service of process.