**Krishnaswamy SAMPATH, Plaintiff,**

v.

**CONCURRENT TECHNOLOGIES CORPORATION, Defendant.**

**No. CIV.A. 03: 03–264J.**

United States District Court,
W.D. Pennsylvania.

April 20, 2005.

Krishnaswamy Sampath, Johnstown, PA, for Plaintiff.

### MEMORANDUM OPINION AND ORDER

GIBSON, District Judge.

This case comes before the Court on Concurrent Technologies Corporation's ("Defendant") Motion to Dismiss Plaintiff's Complaint and/or Quash Service Pursuant to Federal Rules of Civil Procedure 12(b)(5) and 4(m). (Document Nos. 4–1 and 4–2). Based upon this Court's review of the Defendant's motion, the Plaintiff's Response to Defendant's Motion to Dismiss Plaintiff's Complaint and/or Quash Service, (Document No. 7), relevant case law, and pursuant to Federal Rules of Civil Procedure 12(b)(5), and 4(m), the Court shall deny the Defendant's Motion to Dismiss, but the Court shall grant the Defendant's Motion to Quash Service for the following reasons.

### JURISDICTION

Jurisdiction is proper in the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. § 1331, *et seq.*, and pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* Jurisdiction is also invoked pursuant to 28 U.S.C.A. § 1343(4) based upon a notification of dismissal and Right to Sue letter issued by the Equal Employment Opportunity Commission on or about September 9, 2003. (Document No. 1).

### FACTUAL AND PROCEDURAL BACKGROUND

For approximately twelve years, the Plaintiff was employed by the Defendant as a "Principal Engineer". (Document No. 1). However, the Plaintiff alleges that he was subjected to "numerous instances of discriminatory conduct ... based upon [his] race ...." *Id.* Subsequently, the Plaintiff filed a complaint with the Equal Employment Opportunity Commission (hereinafter "EEOC") on June 17, 2002.[1] *Id.*

After filing a timely complaint with the EEOC alleging retaliation, the Plaintiff re-

---

1. Although it is unclear from the Plaintiff's Complaint, the Court observes that the Plaintiff ap-

ceived a Notice of Right to Sue letter from the EEOC on or about September 9, 2003. *Id.* The Plaintiff then filed a Complaint with this Court on December 5, 2003. *Id.* The Plaintiff's Complaint charges the Defendant with retaliation at Count I. *Id.*

On April 5, 2004, the Plaintiff attempted to serve the Defendant with a copy of the Complaint. (Document No. 4).

On or about April 5, 2004, the Defendant received a copy of the Summons and Complaint via certified mail, with a return receipt requested. *Id.* However, the envelope did not contain a request for waiver of service. *Id.*

On or about April 8, 2004, the Plaintiff filed a Return of Service, which included only the certified mail receipt. (Document No. 4). The Plaintiff also failed to complete the Return of Service section of the Summons. *Id.*

On April 21, 2004, the Defendant filed a motion seeking to dismiss the Plaintiff's Complaint, and/or to quash the service of the Complaint. (Document No. 5).

In or about February of 2005, this Court observed that the Plaintiff failed to file a response. Noting that the Plaintiff was a pro se litigant, the Court notified the Plaintiff that a response was required to the Defendant's motion within 20 days of the date of the notice. Thereafter, the Plaintiff filed a response to the Defendant's motion. (Document No. 7).

## STANDARD

■ Federal Rule of Civil Procedure 12(b)(5) empowers a court to dismiss a case for "insufficiency of service of process." Fed.R.Civ.P. 12(b)(5). Courts are also granted "broad discretion to dismiss the action or to retain the case but quash the service that has been made on defendant[s]." *Grand Entertainment Group, Ltd. v. Star Media Sales, Inc.*, 1993 WL 437699, *2 (E.D.Pa.1993)(quoting 5A Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure*, § 1354 at 288 (2d ed.1990)). However, in *Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir.1992), the United States Court of Appeals for the Third Circuit determined that "dismissal of a complaint is inappropriate when there exists a reasonable prospect that service may yet be obtained. In such instances, the district court should at most, quash service, leaving the plaintiff [ ] free to effect proper service." *Umbenhauer*, 969 F.2d at 30 (quoted in *Morton v. F.H. Paschen, Inc.*, 1997 WL 381777, *1 (E.D.Pa.1997)).

The Court observes that the Federal Rules of Civil Procedure draw a distinction between service of process for individuals and service of process for corporations. For example, Rule 4(e) covers service of process for individuals, and it provides two methods for a plaintiff to effect proper service of process. One method permits a plaintiff to "deliver[ ] a copy of the summons and of the complaint to the individual personally". Fed.R.Civ.P. 4(e)(2). The second method permits the plaintiff to effect service of process "pursuant to the law of the state in which the district court is located." Fed.R.Civ.P. 4(e)(1).

Similarly, Fed.R.Civ.P. 4(h) sets forth the proper methods of service of process for corporations. Rule 4(h) provides as follows:

> Unless otherwise provided by federal law, service upon a domestic or foreign corporation or upon a partnership or other unincorporated association that is subject to suit under a common name, and from which a waiver of service [2] has not been obtained and filed, shall be effected:

---

parently filed an internal complaint within the Defendant company on October 10, 2001 alleging discrimination based upon his race. (Document No. 1, ¶ 8). Additionally, although the Plaintiff did not clearly state that he filed a complaint *with the EEOC* on June 17, 2002, the Court observes that based upon the date of issue of the Right to Sue letter, September 9, 2003, the "complaint" referred to by the Plaintiff must have been the complaint filed with the EEOC. *Id.*

**2.** The Court observes that Fed.R.Civ.P. 4(d) provides that a plaintiff may request that a defendant waive service of the complaint by following the procedures set forth in Rule 4(d). However, if those procedures are not followed, then a plaintiff can only effect proper service by personally serving the defendant as provided in the Federal Rules of Civil Procedure.

In the case *sub judice*, the Plaintiff does not argue that any attempt was made to request that the Defendant waive service of his complaint. (Document No. 7). Rather, the Plaintiff seems to argue that personal service was effected through certified mail. *Id.* Accordingly, the Court will not address service of process through waiver of service in this Memorandum Opinion and Order.

(1) in the judicial district of the United States in the manner prescribed for individuals by subdivision (e)(1), or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by state to receive service and the statute so requires, by also mailing a copy to the defendant . . . .

Fed.R.Civ.P. 4(h)(1). Accordingly, a plaintiff may serve a summons and complaint to a corporation by mail if the state law permits service of process in that manner. *Morton,* 1997 WL 381777 at *2.

■ Under the state law equivalent, Pennsylvania Rule of Civil Procedure 424, the proper methods of service of original process upon a corporation are set forth as follows:

Service of original process upon a corporation or similar entity shall be made by handing a copy to any of the following persons provided the person served is not a plaintiff in the action:

(1) an executive officer, partner or trustee of the corporation or similar entity, or

(2) the manager, clerk or other person for the time being in charge of any regular place of business or activity of the corporation or similar entity, or

(3) an agent authorized by the corporation or similar entity in writing to receive service of process for it.

Pa.R.Civ.P. 424. Thus, under Pennsylvania law, a plaintiff may effect proper service on a corporation by handing a copy of the summons and the complaint to an officer or managing or general agent. Pa.R.Civ.P. 424; *Morton,* 1997 WL 381777 at *2. Proper service cannot be effected through the postal system, including certified mail. *Staudte v. Abrahams,* 172 F.R.D. 155 (E.D.Pa.1997)(holding that service of original complaint and summons upon defendants by mail was ineffective to serve as basis for entry of default judgment); *Cahill v. Schults,* 434 Pa.Super. 332, 643 A.2d 121, 125 (1994)(held that defendants were not, in effect, "served" with complaint because the attempt to send initial process by certified mail to the insurer was "improper"). Regardless, whether a plaintiff attempts to effect service of process through waiver of service or by personal service, the plaintiff must serve the defendant within 120 days of filing the plaintiff's complaint. Fed.R.Civ.P. 4(m).

Fed.R.Civ.P. 4(m) defines the time within which service of process must be achieved in order to effect proper service. Rule 4(m) provides as follows:

If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed.R.Civ.P. 4(m). Thus, absent a showing of good cause, the court "shall dismiss the action without prejudice . . . or direct that service be effected within a specified time . . . ." Fed.R.Civ.P. 4(m).

■ The Court also observes that "the party making the service has the burden of demonstrating its validity when an objection to the service is made." *Suegart v. U.S. Customs Service,* 180 F.R.D. 276, 278 (E.D.Pa.1998); *see also Grand Entertainment Group, Ltd. v. Star Media Sales, Inc.,* 988 F.2d 476, 488 (3d Cir.1993)(citing 4A Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure,* § 1083 (1987)). Accordingly, the Court reviews the Defendant's motion based upon the standards set forth above.

## DISCUSSION

In its motion, the Defendant argues that Plaintiff's attempt to effect service of process was insufficient. (Document No. 5). Specifically, the Defendant asserts that on or about April 5, 2004, the Plaintiff merely mailed a copy of the Complaint and Summons via certified mail, return receipt requested. *Id.* Thereafter, on or about April 8, 2004, the Plaintiff filed a Return of Service, "which simply included the Certified Mail Receipts." *Id.* However, Plaintiff did not complete the Return of Service. *Id.* Consequently, the Defendant asserts that it "neither received a

Notice and Request for Waiver of Service[,] nor has [the Defendant] been [properly] served with a copy of the Complaint". *Id.* Therefore, the Defendant requests that the Court quash the Plaintiff's attempted service of process as insufficient. *Id.*

The Defendant also argues that since it was not served with the Summons and Complaint within 120 days of the filing of Plaintiff's Complaint, the Complaint should be dismissed pursuant to Fed.R.Civ.P. 4(m). (Document No. 5). Specifically, the Defendant argues that Rule 4(m) provides that the proper course of action is to dismiss the Plaintiff's Complaint without prejudice. *Id.*

The Court observes that in *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3d Cir.1995), the Third Circuit set forth the following instruction when presented with a Rule 4(m) challenge:

> We hold that as a result of the rule change which led to Rule 4(m), when entertaining a motion to extend time for service,[3] the district court must proceed in the following manner. First, the district court should determine whether good cause exists for an extension of time. If good cause is present, the district court must extend time for service and the inquiry is ended. If, however, good cause does not exist, the court may in its discretion decide whether to dismiss the case without prejudice or extend time for service.

*Petrucelli*, 46 F.3d at 1305; *see also Suegart*, 180 F.R.D. at 278–79. However, because Rule 4 does not define "good cause", the Third Circuit in *Dominic v. Hess Oil V.I. Corp.*, 841 F.2d 513, 517 (3d Cir.1988) determined that the good cause standard "is at least as stringent as the 'excusable neglect' standard under Rule 6(b)." *Suegart*, 180 F.R.D. at 279 (citing to *Dominic, supra*). "Accordingly, the party seeking to show excusable neglect must demonstrate that it made a good faith effort to comply with the rule as well as provide some reasonable justification for its noncompliance." *Suegart*, 180 F.R.D. at 279 (citing to *Momah v. Albert Einstein Medical Center*, 158 F.R.D. 66, 69 (E.D.Pa.1994)).

In determining whether a plaintiff's neglect is excusable, a district court should take into consideration the following factors:

(1) whether the neglect results from professional incompetence,

(2) whether the excuse offered is of the type easily manufactured and not verifiable by the court,

(3) whether the tardiness results from an attorney's failure to provide for a readily foreseeable consequence,

(4) whether the neglect results from a complete lack of diligence, or

(5) whether counsel made substantial good faith efforts toward compliance.

*Suegart*, 180 F.R.D. at 279 (citing to *Momah*, 158 F.R.D. at 69); *see also Dominic*, 841 F.2d at 517. Thus, a district court "need not dismiss a complaint if the plaintiff can show good cause for his or her failure to serve the defendant in a timely manner." *Pinckney v. Sheraton Society Hill*, 1994 WL 376862 at *2 (E.D.Pa. July 15, 1994) (citing to *White v. SKF Aerospace, Inc.*, 768 F.Supp. 498, 500 (E.D.Pa.1991)).

Initially, the Court observes that the Plaintiff is a pro se litigant. "Although this fact is not dispositive by itself, a pro se plaintiff is entitled to a certain degree of leniency so as to ensure that h[is] case is decided on its merits rather than a procedural technicality." *Pinckney*, 1994 WL 376862 at *2 (citing to *White*, 768 F.Supp. at 500). Furthermore, the Court observes that the Plaintiff attempted to effectuate a timely service of process and to comply with Fed. R.Civ.P. 4(m). For example, the Plaintiff asserts in his response to Defendant's motion that he "ascertained from the Court Clerk the proper procedure for serving the Summons and Complaint". (Document No. 7). It appears that the Plaintiff interpreted, albeit incorrectly, Rule 4(h) to provide that proper service of process could be effectuated via mail. *Id.*

The Plaintiff also asserts that he understood the employee of the Defendant to

---

**3.** Although the motion to extend time for service that was contemplated in *Petrucelli* is distinguishable from the motion in the case *sub judice*, the Court determines that the good cause analy- sis for an extension of time is applicable to a good cause analysis for failure to comply with Rule 4(m). *See Suegart*, 180 F.R.D. at 279; *Pinckney*, 1994 WL at 376862 *2–3.

whom the copy of the Complaint and Summons were directed was an employee "authorized by the Defendant to receive service of process for the Corporation". (Document No. 7). Specifically, the Plaintiff argues that the Defendant Corporation has "put into their practice internationally certified management systems. This International Standards Organization (ISO) certification also means that each and every employee of the Defendant is assigned and authorized by the Defendant through a written current position (job) description." *Id.* Accordingly, the Plaintiff asserts that in good faith, he attempted to sufficiently effect service of process on the Defendant. *Id.*

The Court also observes that the defect in the Plaintiff's attempted service of process is curable. Moreover, the Court notes that the Defendant has failed to present any evidence or reasoning in support of its request to dismiss the Plaintiff's Complaint. For example, the Defendant has not argued that the Plaintiff's failure to properly serve it "prejudices [its] ability to defend against this action." *Suegart,* 180 F.R.D. at 280 (citing to *Benjamin v. Grosnick,* 999 F.2d 590, 592 (1st Cir.1993)).

In conclusion, the Court determines that the Plaintiff has failed to meet his burden of establishing that sufficient service of process was made on the Defendant pursuant to Fed. R.Civ.P. 4(h) and Pa.R.Civ.P. 424. In addition, the Court determines that the Plaintiff has failed to establish good cause for his failure to serve the Defendant in a timely manner. However, the Court also determines that in exercising its broad discretion to dismiss the action without prejudice or to retain the case but quash the service that has been made on the Defendant, and based upon the Plaintiff's good faith attempt to effect proper service, the reasonable prospect that service may yet be obtained, and the leniency afforded to pro se litigants in order to decide their cases on their merits rather than a procedural technicality, the Court shall deny the Defendant's Rule 12(b)(5) Motion to Dismiss the Complaint for insufficiency of service of process, but the Court shall quash the service that has been made on the Defendant, and direct the Plaintiff to effect service of the summons and complaint on the Defendant no later than forty-five days from the date of this Court's Order. An appropriate Order follows.

### ORDER

**AND NOW,** this 20th day of April, 2005, in accordance with the reasons set forth in this Court's Memorandum Opinion of this date, **IT IS ORDERED** that the Defendant's Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rules of Civil Procedure 12(b)(5) and 4(m) (Document No. 4–1) is **DENIED;**

**IT IS FURTHER ORDERED** that the Defendant's Motion to Quash Service Pursuant to Federal Rules of Civil Procedure 12(b)(5) and 4(m) (Document No. 4–2) is **GRANTED,** and the service of the summons and complaint made on the Defendant on or about April 5, 2004 is quashed, and service shall be made on the Defendant no later than forty-five days from the date of this Order, or this action shall be dismissed for failure to prosecute.