Edward H. BENJAMIN,
Plaintiff, Appellant,

v.

Allen H. GROSNICK, Defendant,
Appellee.

Peter J. EMBRIANO, Plaintiff,
Appellant,

v.

Allen H. GROSNICK, Defendant,
Appellee.

Nos. 93–1004, 93–1005.

United States Court of Appeals,
First Circuit.

Heard May 3, 1993.

Decided July 20, 1993.

C. Brian McDonald, with whom Ronald P. Weiss, Gerald P. Ciejka and Bulkley, Richardson and Gelinas, Springfield, MA, were on brief, for plaintiffs, appellants.

Robert Aronson, with whom Law Offices of Robert Aronson, Springfield, MA, was on brief, for defendant, appellee.

Before TORRUELLA, Circuit Judge, FEINBERG,* Senior Circuit Judge, and BOUDIN, Circuit Judge.

* Of the Second Circuit, sitting by designation.

TORRUELLA, Circuit Judge.

In companion cases, appellants, Edward Benjamin, M.D. and Peter Embriano, M.D., sued appellee Allen Grosnick for deceit, fraud, negligent misrepresentation, breach of fiduciary duty, and violations of state and federal securities law. The district court dismissed the claims on the ground that appellants failed to properly serve pleadings upon appellee within the required one hundred twenty days of filing suit. We affirm the district court's judgment with respect to Benjamin and reverse it with respect to Embriano.

## BACKGROUND

Appellants filed complaints against appellee on September 14, 1990. Twelve days later, Deputy Sheriff Paul Bianconi executed returns of service swearing that he personally served appellee at 167 Dwight Street, Longmeadow, Massachusetts with both sets of pleadings. After procuring an extension, appellee answered alleging improper service of process in both cases and insufficient process in Benjamin's case. On the same day, appellee also filed a third party complaint and began discovery. Six weeks later, the court approved an agreement by the parties to stay the proceedings for reasons irrelevant to this appeal.

Eventually, the stay ended, and a scheduling conference was held at which appellee made a vague assertion that appellants' service failed to comply with Rule 4 of the Federal Rules of Civil Procedure.[1] At that time, he also asserted that process was insufficient in Benjamin's case because he was served with the wrong complaint.[2]

On April 30, 1992, appellee moved to dismiss the actions pursuant to Rule 4(j) of the Federal Rules of Civil Procedure for untimely service. In support of the motions, appellee submitted an affidavit claiming that, while the returns of service indicated that personal service took place in Massachusetts, he was not in Massachusetts on the alleged date of service. At this point, it became clear that this was the basis of the insufficient service defenses. In addition, appellee reiterated in the affidavit that even if the method of service sufficed, the process itself did not because Benjamin never served him with the proper complaint. In opposition, appellants submitted affidavits by the deputy sheriff stating that he had personally served appellee on the record date. Appellants then re-served appellee properly.

After an evidentiary hearing, the district court found that appellee was in Arizona on the service date, and that appellants therefore failed to personally serve him within the 120 day limit. Then, finding that appellants failed to show good cause for the delayed service, the court dismissed the action without prejudice.[3] The district court denied appellants' request for reconsideration, and appellants filed this appeal.

## DISCUSSION

Under Fed.R.Civ.P. 4(j), if a plaintiff fails to properly serve a named defendant within 120 days after filing a complaint, he must show "good cause why such service was not made within that period" or face dismissal.[4] We review a district court's determination of whether a plaintiff established good cause only for abuse of discretion. *United States v. Ayer*, 857 F.2d 881, 884–85 (1st Cir.1988).

---

1. See appendix for the text of Rule 4.

2. Appellee contends that while the summons properly cited the appropriate case names, the complaint that the sheriff delivered for Benjamin regarded an action by Benjamin against Richard K. Bernstein and The Bernstein Group, Inc. in the United States District Court for the District of Connecticut. While that lawsuit concerned similar interests, the complaint for that action did not name appellee as a defendant.

3. Although the court dismissed the claims without prejudice, the statute of limitations bars the refiling of appellants' federal statutory claims.

4. Rule 4(j) provides in relevant part:
   If a service of the summons is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice....

■ With respect to appellants' alleged insufficient *service*, we find the district court's dismissal an abuse of discretion. Appellants did not purposely delay personal service. Indeed, they completed all of the steps within their power necessary to effectuate such service. The blame for the error rested with the deputy sheriff. Moreover, because of the deputy sheriff's sworn representations in the return of service, appellants reasonably believed that they had personally served appellees.

Furthermore, although appellee's answers to appellants' complaints alleged insufficient service, appellee waited more than 120 days to notify appellants of the defect's specific nature. Given the general nature of appellee's asserted defense and the deputy sheriff's assurance in the return of service that he had personally served appellee, appellants reasonably abstained from further investigation.

[4] Still further, the defective service did not prejudice appellee. *See Ayer*, 857 F.2d at 881 (considering prejudice to defendant in Rule 4(j) determination). Appellee had actual notice of the lawsuit and secured through stipulation additional time to file an answer. Conversely, dismissal will prejudice appellants because the statute of limitations has already run on their federal statutory claims. *See Floyd v. United States*, 900 F.2d 1045, 1046 (7th Cir.1990) (considering prejudice to plaintiff in Rule 4(j) determination).

■ Given all of the above factors, we conclude that appellants showed good cause for the delayed personal service. In its finding to the contrary, the district court erroneously relied on *Roque v. United States*, 857 F.2d 20, 22 (1st Cir.1988),[5] which held that:

[G]iven the [defendant's] answer *which did not clearly allege insufficient service of process*, the government's failure plainly to assert insufficiency until after the 120 days had run, the confusion caused by the district court's initial denial of the government's motion, the simple manner in which the service deficiency can be cured, and

the absence of any articulable prejudice to the [defendant], we think the district court should have found good cause.

(emphasis added). By implication, the district court found that where a defendant clearly alleges insufficient service within the 120 day limit, the plaintiff is on notice of some defect, and therefore must inquire into the nature of that defect. We agree with the district court that under certain circumstances, the assertion in an answer of insufficient service of process will provide notice that would induce a reasonable plaintiff to investigate the possibility of a deficiency. In addition, there is no requirement that a defendant specify the source of the defect in the service. However, the lack of such specificity bears on the reasonableness of the plaintiff's actions. In the present case, Grosnick did not specify the source of the defect until it was too late for appellants to cure it. Where as here, appellants, relying on an attested to return of service by the deputy sheriff, believed that they had properly effected service, and indeed did everything in their power to do so, *Roque* does not imply that failure to investigate after a general assertion of insufficient service prevents a finding of good cause. We therefore reverse the court's judgment with respect to appellants' delay of personal service.

■ On the other hand, we cannot easily forgive Benjamin's alleged service of insufficient *process*. Although the district court requested a statement of contested facts, Benjamin never disputed appellee's allegation that he was served with the wrong complaint. Indeed, although appellee mentioned the problem numerous times on the record, and again on appeal, Benjamin has yet to acknowledge it. Accordingly, we accept the allegation as true.

Also because of Benjamin's failure to acknowledge the allegation, we cannot possibly conclude that he has met his burden of establishing good cause why service of the proper complaint was delayed. We do not know with whom the error originated, when Benja-

---

**5.** Although a district court's good cause finding is entitled to great deference, such a finding " 'predicated upon, or induced by, a misapprehension of law is robbed of its customary vitali-

ty.' " *Reliance Steel Products v. National Fire Ins. Co.*, 880 F.2d 575, 577 (1st Cir.1989) (quoting *RCI Northeast Services Div. v. Boston Edison Co.*, 822 F.2d 199, 203 (1st Cir.1987)).

min knew about it, or even whether the deficiency was intentional. By ignoring these major gaps in the procedural history, and indeed the entire issue, Benjamin failed to establish good cause for the delayed service of sufficient process. Thus, we affirm the district court's dismissal of Benjamin's case on different grounds than the court stated.

*Affirmed in part; reversed in part.*

### APPENDIX

**Rule 4. Process**

(a) **Summons: Issuance.** Upon the filing of the complaint the clerk shall forthwith issue a summons and deliver the summons to the plaintiff or the plaintiff's attorney, who shall be responsible for prompt service of the summons and a copy of the complaint. Upon request of the plaintiff separate or additional summons shall issue against any defendants.

(b) **Same: Form.** The summons shall be signed by the clerk, be under the seal of the court, contain the name of the court and the names of the parties, be directed to the defendant, state the name and address of the plaintiff's attorney, if any, otherwise the plaintiff's address, and the time within which these rules require the defendant to appear and defend, and shall notify the defendant that in case of the defendant's failure to do so judgment by default will be rendered against the defendant for the relief demanded in the complaint. When, under Rule 4(e), service is made pursuant to a statute or rule of court of a state, the summons, or notice, or order in lieu of summons shall correspond as nearly as may be to that required by the statute or rule.

(c) **Service.**

(1) Process, other than a subpoena or a summons and complaint, shall be served by a United States marshal or deputy United States marshal, or by a person specially appointed for that purpose.

(2)(A) A summons and complaint shall, except as provided in subparagraphs (B) and (C) of this paragraph, be served by any person who is not a party and is not less than 18 years of age.

(B) A summons and complaint shall, at the request of the party seeking service or such party's attorney, be served by a United States marshal or deputy United States marshal, or by a person specially appointed by the court for that purpose, only—

(i) on behalf of a party authorized to proceed in forma pauperis pursuant to Title 28, U.S.C. § 1915, or of a seaman authorized to proceed under Title 28, U.S.C. § 1916,

(ii) on behalf of the United States or an officer or agency of the United States, or

(iii) pursuant to an order issued by the court stating that a United States marshal or deputy United States marshal, or a person specially appointed for that purpose, is required to serve the summons and complaint in order that service be properly effected in that particular action.

(C) A summons and complaint may be served upon a defendant of any class referred to in paragraph (1) or (3) of subdivision (d) of this rule—

(i) pursuant to the law of the State in which the district court is held for the service of summons or other like process upon such defendant in an action brought in the courts of general jurisdiction of that State, or

(ii) by mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgment conforming substantially to form 18–A and a return envelope, postage prepaid, addressed to the sender. If no acknowledgment of service under this subdivision of this rule is received by the sender within 20 days after the date of mailing, service of such summons and complaint shall be made under subparagraph (A) or (B) of this paragraph in the manner prescribed by subdivision (d)(1) or (d)(3).

(D) Unless good cause is shown for not doing so the court shall order the payment of the costs of personal service by the

person served if such person does not complete and return within 20 days after mailing, the notice and acknowledgment of receipt of summons.

(E) The notice and acknowledgment of receipt of summons and complaint shall be executed under oath or affirmation.

(3) The court shall freely make special appointments to serve summonses and complaints under paragraph (2)(B) of this subdivision of this rule and all other process under paragraph (1) of this subdivision of this rule.

**(d) Summons and Complaint: Person to be Served.** The summons and complaint shall be served together. The plaintiff shall furnish the person making service with such copies as are necessary. Service shall be made as follows:

(1) Upon an individual other than an infant or an incompetent person, by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

(2) Upon an infant or an incompetent person, by serving the summons and complaint in the manner prescribed by the law of the state in which the service is made for the service of summons or other like process upon any such defendant in an action brought in the courts of general jurisdiction of that state.

(3) Upon a domestic or foreign corporation or upon a partnership or other unincorporated association which is subject to suit under a common name, by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.

(4) Upon the United States, by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court and by sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia, and in any action attacking the validity of an order of an officer or agency of the United States not made a party, by also sending a copy of the summons and of the complaint by registered or certified mail to such officer or agency.

(5) Upon an officer or agency of the United States, by serving the United States and by sending a copy of the summons and of the complaint by registered or certified mail to such officer or agency. If the agency is a corporation the copy shall be delivered as provided in paragraph (3) of this subdivision of this rule.

(6) Upon a state or municipal corporation or other governmental organization thereof subject to suit, by delivering a copy of the summons and of the complaint to the chief executive officer thereof or by serving the summons and complaint in the manner prescribed by the law of that state for the service of summons or other like process upon any such defendant.

**(e) Summons: Service Upon Party Not Inhabitant of or Found Within State.** Whenever a statute of the United States or an order of court thereunder provides for service of a summons, or of a notice, or of an order in lieu of summons upon a party not an inhabitant of or found within the state in which the district court is held, service may be made under the circumstances and in the manner prescribed by the statute or order, or, if there is no provision therein prescribing the manner of service, in a manner stated in this rule. Whenever a statute or rule of court of the state in which the district court is held provides (1) for service of a summons, or of a notice, or of an order in lieu of summons upon a party not an in-

habitant of or found within the state, or (2) for service upon or notice to such a party to appear and respond or defend in an action by reason of the attachment or garnishment or similar seizure of the party's property, located within the state, service may in either case be made under the circumstances and in the manner prescribed in the statute or rule.

**(f) Territorial Limits of Effective Service.** All process other than a subpoena may be served anywhere within the territorial limits of the state in which the district court is held, and, when authorized by a statute of the United States or by these rules, beyond the territorial limits of that state. In addition, persons who are brought in as parties pursuant to Rule 14, or as additional parties to a pending action or a counterclaim or cross-claim therein pursuant to Rule 19, may be served in the manner stated in paragraphs (1)–(6) of subdivision (d) of this rule at all places outside the state but within the United States that are not more than 100 miles from the place in which the action is commenced, or to which it is assigned or transferred for trial; and persons required to respond to an order of commitment for civil contempt may be served at the same places. A subpoena may be served within the territorial limits provided in Rule 45.

**(g) Return.** The person serving the process shall make proof of service thereof to the court promptly and in any event within the time during which the person served must respond to the process. If service is made by a person other than a United States marshal or deputy United States marshal, such person shall make affidavit thereof. If service is made under subdivision (c)(2)(C)(ii) of this rule, return shall be made by the sender's filing with the court the acknowledgment received pursuant to such subdivision. Failure to make proof of service does not affect the validity of the service.

**(h) Amendment.** At any time in its discretion and upon such terms as it deems just, the court may allow any process or proof of service thereof to be amended, unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process issued.

**(i) Alternative Provisions for Service in a Foreign Country.**

**(1) *Manner.*** When the federal or state law referred to in subdivision (e) of this rule authorizes service upon a party not an inhabitant of or found within the state in which the district court is held, and service is to be effected upon the party in a foreign country, it is also sufficient if service of the summons and complaint is made: (A) in the manner prescribed by the law of the foreign country for service in that country in an action in any of its courts of general jurisdiction; or (B) as directed by the foreign authority in response to a letter rogatory, when service in either case is reasonably calculated to give actual notice; or (C) upon an individual, by delivery to the individual personally, and upon a corporation or partnership or association, by delivery to an officer, a managing or general agent; or (D) by any form of mail, requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the party to be served; or (E) as directed by order of the court. Service under (C) or (E) above may be made by any person who is not a party and is not less than 18 years of age or who is designated by order of the district court or by the foreign court. On request, the clerk shall deliver the summons to the plaintiff for transmission to the person or the foreign court or officer who will make the service.

**(2) *Return.*** Proof of service may be made as prescribed by subdivision (g) of this rule, or by the law of the foreign country, or by order of the court. When service is made pursuant to subparagraph (1)(D) of this subdivision, proof of service shall include a receipt signed by the addressee or other evidence of delivery to the addressee satisfactory to the court.

**(j) Summons: Time Limit for Service.** If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was

required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion. This subdivision shall not apply to service in a foreign country pursuant to subdivision (i) of this rule.

(As amended Jan. 21, 1963, eff. July 1, 1963; Feb. 28, 1966, eff. July 1, 1966; Apr. 29, 1980, eff. Aug. 1, 1980; Pub.L. 97–462, § 2, Jan. 12, 1983, 96 Stat. 2527; Mar. 2, 1987, eff. Aug. 1, 1987.)