Peter J. EMBRIANO, M.D., Plaintiff,

v.

Allen H. GROSNICK, Defendant/Third–Party Plaintiff,

v.

Richard K. BERNSTEIN; The Bernstein Group; Hampden County Sheriffs, Inc.; and Paul Bianconi, Third–Party Defendants.

Civ. A. No. 90–30186–MAP.

United States District Court,
D. Massachusetts.

July 21, 1995.

Gerald P. Ciejka, C. Brian McDonald, Ronald P. Weiss, Bulkley, Richardson & Gelinas, Springfield, MA, for plaintiff.

Robert Aronson, Law Offices of Robert Aronson, Springfield, MA, for Allen H. Grosnick.

William J. Cass, Ryan, Martin, Costello, Allison & Leiter, Samuel A. Marsella, Doherty, Wallace, Pillsbury & Murphy, Springfield, MA, Donald J. Allison, Amherst, MA, for Richard K. Bernstein, Bernstein Group, Inc.

Edward J. McDonough, Jr., Egan, Flanagan & Cohen, PC, Springfield, MA, for Hampden County Sheriffs, Inc., Paul Bianconi.

### MEMORANDUM REGARDING THIRD–PARTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

(Docket No. 89)

PONSOR, District Judge.

### I. INTRODUCTION

Plaintiff Peter Embriano brought an action against defendant Allen Grosnick for deceit, fraud, negligent misrepresentation, breach of fiduciary duty, and violations of state and federal securities law. Deputy Sheriff Paul Bianconi ("Bianconi") allegedly failed to serve Grosnick with the complaint personally and filed a false return of service. Grosnick then brought a motion to dismiss which was allowed by the district court and reversed on appeal.

Over three years after the case was initiated, Grosnick then filed a third-party complaint against Hampden County Sheriffs, Inc. ("HCS") and Bianconi (collectively "the Sheriffs"), alleging that deficiencies in the service of process caused him to incur legal expenses. The Sheriffs have moved for summary judgment on all claims asserted against them in the third-party complaint. For the reasons set forth below, the court will grant third-party defendants' motion for summary judgment.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate where the record reveals no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter as law. Fed.R.Civ.P. 56(c). To demonstrate that no genuine issue of material fact exists, the moving party must point out an absence of evidence supporting the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 321, 106 S.Ct. 2548, 2551–52, 91 L.Ed.2d 265 (1986). Once the movant has made this showing, the party to whom the motion is directed must contradict the showing by pointing to specific facts showing that a trial-worthy issue exists. *National Amusements, Inc. v. Town of Dedham*, 43 F.3d 731, 735 (1st Cir.1995).

When all is said and done, this court must "view the entire record in the light most hospitable to the party opposing summary judgment, indulging all reasonable inferences in that party's favor ..." *McCarthy v. Northwest Airlines, Inc.*, 56 F.3d 313 (1st Cir.1995), citing *Griggs–Ryan v. Smith*, 904 F.2d 112, 115 (1st Cir.1990). When only a single conclusion is a plausible inference from the uncontradicted facts, summary judgment is proper. *Griggs–Ryan*, 904 F.2d at 116.

## III. FACTUAL AND PROCEDURAL BACKGROUND

The facts, as alleged by Grosnick, are as follows.

Embriano filed a complaint against Grosnick on September 14, 1990. Bianconi then filed a return of service indicating that he personally served the summons and complaint on Grosnick at his residence in Longmeadow, Massachusetts. However, Grosnick was not in Massachusetts on the alleged date. The Sheriffs then falsely informed Embriano that service had been successfully completed.

On October 31, 1990, Grosnick filed an answer to the complaint pleading the affirmative defense of insufficient service of process. In the answer, Grosnick did not indicate the specific nature of the defect.[1] On April 30, 1992, roughly one and a half years later, Grosnick moved to dismiss the actions for untimely service pursuant to (then) Rule 4(j) of the Federal Rules of Civil Procedure.[2] In support of this motion, Grosnick finally indicated the nature of the insufficient service of process and submitted an affidavit asserting he was in Arizona when the complaint supposedly was served on him personally in Massachusetts. Thereafter, Grosnick was properly served with the complaint on June 12, 1992. On September 18, 1992, the District Court allowed Grosnick's motion to dismiss, finding that plaintiff failed to personally serve Grosnick within the 120–day limit and failed to show good cause for the delayed service.

Embriano appealed, and the First Circuit, on July 20, 1993, reversed the district court's dismissal and reinstated Embriano's action. *Embriano v. Grosnick*, 999 F.2d 590 (1st Cir.1993). The First Circuit held that, given the lack of specificity in Grosnick's defense, the fact that Grosnick did not specify the source of the defect until it was too late for Embriano to cure it, and Bianconi's assurance that he personally served Grosnick, Embriano reasonably abstained from further investigation of the defect and "showed good cause for the delayed personal service." *Id.* at 592. The First Circuit further held that because Grosnick had actual knowledge of the lawsuit and secured additional time to file the answer, the defective service did not prejudice Grosnick. *Id.* Conversely, the court stated that the dismissal would prejudice Embriano because the statute of limitations had already run on his federal claims. *Id.*

On December 29, 1993, Grosnick brought a third-party claim against the Sheriffs.[3] The

---

1. On that same day, Grosnick filed a third-party complaint against Richard Bernstein and the Bernstein Group, Inc. ("TBG"). The claims against these parties are not at issue.

2. Rule 4(j)—now Rule 4(m)—required service to be made upon a defendant within 120 days after the filing of the complaint unless the plaintiff *shows good cause* why service was not made within the period.

3. The third-party complaint also continued to name Bernstein and TBG.

**22**

third-party complaint was then amended on May 17, 1995. The Sheriffs now move for summary judgment on all claims asserted against them in the third-party complaint.

## IV. *DISCUSSION*

Grosnick claims that if the Sheriffs had not failed to serve Grosnick personally with the summons and complaint in this action, and if the return of service had not been false (1) Grosnick would not have been required to incur substantial attorneys fees and costs in connection with this action[4] and (2) Embriano's claims would be barred by the applicable statutes of limitations. Grosnick's complaint does not specify the tort or theory upon which he seeks relief. It is of no consequence, however, whether his complaint sounds in negligence, misrepresentation or any other tort, as the damages Grosnick suffered were not the proximate cause of the Sheriffs' alleged wrongful conduct.[5]

Although the service of process had serious deficiencies, the First Circuit nonetheless held that dismissal of the claims against Grosnick was *not* appropriate. *Id.* at 592. As the First Circuit held, Grosnick's legal expenses resulted from *his* tactical decision not to specify the sources of the defect until it was too late for Embriano to cure it. If Grosnick had stated the specific nature of the alleged defect in his answer, Embriano could have re-served Grosnick within the 120–day period. In any even, notwithstanding any deficiencies in the service of process, the defective service did not prejudice Grosnick's defense. *Id.* at 592. The third-party defendants cannot now be asked to bear the costs of Grosnick's own unsuccessful litigation strategies.

It is even more attenuated for Grosnick to argue that, were it not for Bianconi's insufficient service, Grosnick would not have had to defend Embriano's claims at all. To the contrary, if Bianconi had properly served the complaint in 1990, Grosnick would have faced a defense on the merits of the Embriano litigation sooner, rather than later, and incurred legal costs in any event. In sum, even viewing the facts in the light most favorable to the plaintiff, the Sheriffs' conduct was not, as a matter of law, a substantial legal factor in bringing about Grosnick's litigation expenses.

## V. *CONCLUSION*

For the foregoing reasons this court hereby ALLOWS third-party defendants' motion for summary judgment.

A separate order will issue.

---

4. Grosnick does not describe the nature of the costs that he seeks from the Sheriffs in his third-party complaint. However, in subsequent filings with this court, Grosnick does state that he seeks ·all attorney's fees and expenses in connection with the litigation and appeal of issues relating to the insufficient service of process. Pretrial Memorandum of Defendant/Third–Party Plaintiff Allen Grosnick at 4.

5. All torts require a showing that the tortious conduct proximately caused the injury. Under Massachusetts law, proximate cause requires a showing by the plaintiff, not only that the loss was a foreseeable consequence of the defendant's tortious conduct, but that the defendant's tortious conduct was a but-for cause of the loss, and a substantial legal factor in bringing about the loss. *Jorgensen v. Massachusetts Port Authority*, 905 F.2d 515, 522–23 (1st Cir.1990).