[NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]

United States Court of Appeals
For the First Circuit

No. 98-1891

ELVIN A. BURKE,

Plaintiff, Appellant,

v.

CITY OF BOSTON, ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Edward F. Harrington, U.S. District Judge]

Before

Lipez, Circuit Judge,

Aldrich and Kravitch, Senior Circuit Judges.

James P. Duggan for appellant.
Dawna McIntyre, Assistant Corporation Counsel, City of Boston
Law Department, with whom Merita A. Hopkins, Corporation Counsel,
was on brief for appellees.

July 2, 1999

Per Curiam. Plaintiff Elvin Burke sued the City of
Boston and four Boston police officers, alleging a violation of the
Massachusetts Tort Claims Act, several intentional torts, and
violations of state and federal civil rights laws. After
plaintiff's properly serving the City, but failing to serve the
four individual defendants within the requisite time period, the
district court dismissed his claims against all defendants. We
affirm in part and reverse in part.
The present action arose from events allegedly taking
place on October 10, 1994. Burke maintains that he was unlawfully
detained, arrested, and beaten by uniformed Boston police officers
while he was shopping at an Auto Palace in Roslindale,
Massachusetts. He was subsequently charged with several assault
and battery counts, among others, but all charges were dismissed
for want of prosecution on April 3, 1995.
On July 3, 1997, Burke filed a complaint in the state
court, naming the four officers and the City of Boston. He alleged
that the City was liable for negligent supervision under the
Massachusetts Tort Claims Act, Mass. Gen. Laws ch. 258, and that
all five defendants had committed state and federal civil rights
violations, and he accused the four officers of assault and
battery, civil conspiracy, false arrest, and malicious prosecution. 
Service was made on the City on July 25, and the City removed the
case to the district court on August 11 and filed its answer on
October 29. At that point, the four officers had not yet been
served, and they still had not been served at the time of the first
scheduling conference on December 8. During that conference,
counsel for the City stated to the court with Burke's counsel
present that the four officers still had not been served. On April
9, 1998, the four officers filed a motion to dismiss for failure to
serve them, and the court allowed the motion on May 15. The court
also dismissed the claims against the City of Boston "on the ground
that the case has now been dismissed against all the employees of
the City of Boston." Burke did not respond to the officers'
initial motion, but filed a motion to vacate the order of dismissal
on June 3. The officers and the City filed a response on June 12,
and Burke filed his supporting memorandum on June 18. The court
denied the motion.
Burke now asks us, first, to reverse the dismissal of his
claims against the four individual officers. This we decline to
do. Federal Rule 4(m) applies here since no service was made prior
to removal, see 28 U.S.C. 1448, and it requires dismissal if
service is not made within 120 days of the filing of the complaint
unless the plaintiff shows "good cause" for the failure. We review
a district court's determination on this question for abuse of
discretion. See Benjamin v. Grossnick, 999 F.2d 590, 591 (1st Cir.
1993). Burke made no response to the officers' motion to dismiss,
instead filing a motion to vacate over two weeks after the district
court ordered dismissal and a supporting memorandum another two
weeks later, several days after the officers filed their
opposition. The factors Burke discussed in those filings--the
merits of his case, the assertion that the police officers knew
that they were being sued, his participation in a court-ordered
scheduling conference, and his willingness to make expeditious
service--can hardly be considered reasons, much less "good cause,"
for counsel, as he admitted at oral argument, simply forgetting to
serve the four officers.
Burke claims dismissal on the basis of a technicality
despite the absence of prejudice to the defendants and his
willingness to make expeditious service was contrary to the spirit
of the Federal Rules. He misconstrues the nature of the current
situation and the applicability of our precedents. It is true that
we would not require dismissal where a minor, technical error
resulted in defective service of process but the defendant was not
prejudiced. See, e.g., Libertad v. Welch, 53 F.3d 428, 440 (1st
Cir. 1995); Roque v. United States, 857 F.2d 20, 22 (1st Cir.
1988). However, there must first be substantial compliance. See
Precision Etchings & Findings v. LGP Gem, Ltd., 953 F.2d 21, 24
(1st Cir. 1992). Such was entirely lacking here. This was a case
not of defective service but of no service at all, and the lack of
prejudice to the defendants (assuming there was none) cannot negate
counsel's fundamental failure.
The claims against the City are a different matter. The
City did not seek dismissal of the claims against it. Even after
dismissal without prejudice of all the claims against the
individual officers, there remained an allegation of federal
constitutional violations by the City. The district court also had
supplemental jurisdiction over the two state law claims against the
City. See 28 U.S.C. 1367. Given these circumstances and the
fact that the City was properly served, it was improper for the
district court to dismiss Burke's claims against it.
The City's citation to Los Angeles v. Heller, 475 U.S.
796, 798-99 (1986), is misplaced. Here there has not been a
finding on the merits that Burke suffered no constitutional injury,
and he may show one even without the officers as individual party
defendants.
For the reasons stated, we affirm the district court's
dismissal of Burke's claims against the four individual Boston
police officers. We reverse the dismissal of Burke's claims
against the City of Boston and remand for further proceedings
consistent with this opinion.