RIVERDALE MILLS CORPORATION, Plaintiff,

v.

UNITED STATES DEPARTMENT OF TRANSPORTATION FEDERAL AVIATION ADMINISTRATION, Defendant.

Civ.A. No. 03–40230–NMG.

United States District Court, D. Massachusetts.

Jan. 5, 2005.

Warren G. Miller, Miller & Miller, Boston, MA, for Plaintiff.

## MEMORANDUM & ORDER

GORTON, District Judge.

In the present action, Plaintiff Riverdale Mills Corporation ("RMC") seeks judicial review of a September 10, 2003 decision of the United States Department of Transportation, Federal Aviation Administration ("the FAA") in which a civil penalty in the amount of $20,000 was assessed against RMC (FAA Order No. 2003–10). RMC now moves for leave to refile its petition for review. (Docket No. 4).

### I. *Background*

On October 22, 1998, the FAA filed a civil complaint against RMC alleging that an RMC employee had carried two 16–ounce cans of a hazardous material called "Aquamend" onto a commercial airliner. An administrative law judge subsequently assessed a civil penalty in the amount of $20,000 against RMC and an FAA Administrator affirmed that decision on appeal.

On October 9, 2003, RMC commenced the instant action by filing a "Motion for Review" with this Court and by serving process upon the FAA docket clerk. RMC did not, however, serve process upon the Attorney General or the United States Attorney as required by Fed.R.Civ.P. Rule 4(i) because it was, allegedly, confused with respect to the proper procedure for commencing review of an administrative decision.

On April 30, 2004, this Court entered an Order in which it questioned whether the district court (rather than the court of appeals) has jurisdiction over appeals from the FAA. The Court dismissed the case without prejudice and granted RMC leave to refile upon a showing that jurisdiction in this Court is proper.

RMC refiled on May 26, 2004 and the parties agree that this Court has subject matter jurisdiction over the case. The FAA, however, opposes RMC's motion to refile on the ground that it was not properly served with process under Fed.R.Civ.P. Rule 4(m).

## II. *Legal Analysis*

It has become clear to this Court that it has subject matter jurisdiction over the present case because, under the Administrative Procedure Act, review of an agency decision is vested in the district court. *See* 5 U.S.C. § 704. It is equally clear, however, that the Plaintiff did not properly serve the Defendant within 120 days as required by Fed. R.Civ.P. Rule 4. Pursuant to Rule 4(i), service upon an agency of the United States is effected by:

1) serving the United States Attorney for the district in which the action is brought (Rule 4(i)(1)(A));

2) mailing a copy of the summons and complaint to the Attorney General (Rule 4(i)(1)(B)); and

3) mailing a copy of the summons and complaint to the appropriate agency (Rule 4(i)(1)(C)).

RMC did not fulfill the requirements of the Rule and the FAA argues that RMC should not, therefore, be granted leave to refile because the action would be subject to dismissal under Fed.R.Civ.P. Rule 12(b)(4).

■■■■ RMC, in response, seeks to cure the defective service by requesting additional time to correct service of process. Rule 4(m) governs the timing of service of process and provides that:

[i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court ... shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Under that provision, a court must extend the time for service of process if there is good cause shown for the delay. *Coleman v. Milwaukee Bd. of School Directors,* 290 F.3d 932, 933–34 (7th Cir.2002). If good cause is not shown, a court may still, in its discretion, extend the time for service of process. *Id.* ("case law allows the district court to extend the time for service even if there was no good cause for the plaintiff's missing the deadline"); *Feingold v. Hankin,* 269 F.Supp.2d 268, 276 (S.D.N.Y.2003) ("even

where good cause does not exist, courts remain free to exercise their discretion in extending the time for service").

■■■■ If good cause is lacking, the determination of whether to extend the time for service of process is based on a number of factors, including whether:

(a) the party to be served received actual notice of the lawsuit; (b) the defendant would suffer ... prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed.

*In re Sheehan,* 253 F.3d 507, 512 (9th Cir. 2001). *See also Feingold,* 269 F.Supp.2d at 277 (also considering "whether the defendant attempted to conceal the defect in service").

■■■■ In this case, Plaintiff has shown no good cause for failing properly to serve process upon the FAA because ignorance of the procedural rules is no excuse. *Tuke v. United States,* 76 F.3d 155, 156 (7th Cir.1996). Neglecting to conduct adequate research and comply with a relatively clear rule (i.e. Rule 4) does not constitute good cause for failing to serve process. *Id.* ("Failure to read a rule is the antithesis of good cause."). Plaintiff offers no legal authority to suggest otherwise.

■■■■ Nonetheless, an analysis of the above-quoted factors indicates that RMC should be granted additional time to serve the FAA. The FAA received actual notice of this suit in at least two ways: 1) via RMC's (flawed) attempt at service of process upon the FAA docket clerk and 2) by virtue of the fact that this action is a continuation of the parties' ongoing dispute of which the FAA is well aware. Defendant is correct that actual notice is not a substitute for proper service but, as discussed above, it is properly considered in determining whether to extend the time for service. *See Coleman,* 290 F.3d at 934.

Furthermore, the FAA will not be prejudiced by an extension of the time for service because the FAA has long had notice of this dispute and has had ample time, during several phases of litigation, to anticipate the present appeal and develop a response. Moreover, because this is an appellate review, with undisputed facts, traditional sources of prejudice that can arise from de-

lay (e.g. loss of evidence or witnesses) are of no concern. Accordingly, RMC will be granted additional time to effect service upon the FAA in compliance with Fed.R.Civ.P. 4.

## ORDER

In accordance with the foregoing, Plaintiff's Motion for Leave to Refile (Docket No. 4) is **ALLOWED**. Plaintiff shall effect proper service upon the Defendant within 30 days of the date of this Order.

**So ordered.**