Merrick, J.
Advantage Foods International Corp. (“Advantage”) obtained a summary judgment against Jackpot Provision Company, Inc. (“Jackpot”) in the Boston Municipal Court. In order to seize a truck belonging to Jackpot as part of its levy on execution, Advantage filed a motion, purportedly pursuant to Mass. R. Civ. P., Rule 4(c), for appointment of “Middlesex County Chief Deputy Sheriff, Gerald E. Breen” as “process server.”[3] On March 4, 2003, a Boston Municipal Court judge endorsed on the motion, “Pltf s atty appearing only. Heard & Allowed, (no opposition).”
Counsel for Advantage gave the execution and the order to Middlesex County Chief Deputy Sheriff Gerald E. Breen (“Breen”) and instructed him to seize Jackpot’s refrigeration truck. As Breen was the administrative head of the Civil Process Division of the Middlesex Sheriff’s Office, Breen seldom served process himself and usually delegated that function to a subordinate deputy sheriff. In this case, he assigned the service to Deputy Sheriff Joseph Lamb (“Deputy Lamb”).
On May 14, 2003, Deputy Lamb seized Jackpot’s truck on execution. On May 19, 2003, Jackpot’s counsel faxed a demand to Deputy Lamb that he return the truck because he had been without authority to seize it. Jackpot did not oppose the “Motion for Special Process Server,” nor did it act to vacate, clarify or appeal the Boston Municipal Court order. Instead, it waited until it made a payment to Advantage on June 13,2003, and received the truck back the same day. Then Jackpot brought this action on July 12, 2003, against Middlesex County Sheriff James DiPaola and Deputy Lamb, claiming damages for loss of use of the truck on a theory of conversion. Both Sheriff DiPaola and Deputy Lamb filed a motion to dismiss for failure to state a cause of action with supporting affidavits. Jackpot countered with a “cross-motion” for summary judgment. The trial judge allowed *103 the defendants’ motion to dismiss and denied Jackpot’s motion for summary judgment. Jackpot has appealed.
1. Rule 12(b) (6) of the Mass. R. Civ. P. provides that
[i]f, on any motion ... to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.
See White v. Peabody Constr. Co., 386 Mass. 121, 126 (1982). Given the affidavits, filed with both the defendants’ motion to dismiss and Jackpot’s “cross-motion” for summary judgment, the trial judge properly could have treated the motion to dismiss as one for summary judgment, as do we.
2. Sheriff DiPaola and Deputy Lamb initially argued that they were immune from liability as public employees under G.L.c. 258. We do not address that argument because Jackpot’s counsel asserted at oral argument[4] that although he had described Sheriff DiPaola and Deputy Lamb by their job titles, he did so only to show that their powers in those positions did not include seizure of personal property in Suffolk County on execution. Jackpots claim is that Deputy Lamb was not acting as a deputy sheriff. Given that argument, counsel conceded at oral argument that the case was properly dismissed as to Sheriff DiPaola and agreed to the dismissal of the appeal as to Sheriff DiPaola.
3. The seizure of Jackpot’s truck in Suffolk County is not authorized by statutes defining the powers of the Middlesex County Sheriff or his deputies. See G.L.c. 37, §11 and G.L.c. 220, §7. Deputy Lamb’s protection against liability is dependent upon the authority he was given by the Boston Municipal Court order.
Jackpot complains that the Boston Municipal Court judge did not have authority to issue an order permitting a special process server to serve the execution, as Mass. R. Civ. P, Rule 4, permits appointment of a special process server to levy on an execution. That question seems to be open. See J.L. SHAPIRO, M.G. Perlin .& J.M. CONNORS, Collection Law, 48 M.P.S. 9:12, n.6.[5] The record prepared by Jackpot does not reflect whether it got notice of Advantage’s “Motion for Special Process Server.” In any event, process was served on May 14, 2003 and Jackpot’s counsel complained of it to Deputy Lamb on the grounds asserted here on May 19, 2003. As noted, Jackpot never opposed the order of the Boston Municipal Court, or moved to vacate or appeal it; and the order may not be collaterally attacked in these proceedings. Deputy Lamb was entitled to rely on a facially valid order from the Boston Municipal Court. See Jordan v C.I.T. Corp., 302 Mass. 281, 284 (1939) and David v. Larochelle, 296 Mass. 302, 304 (1936). Even if the Boston Municipal Court’s order were erroneous, any damages would have flowed from Jackpot’s own failure to act and may not be recovered against the defendants here. Embriano v Grosnick, 892 F. Supp. 20, 22 (D. Mass. 1995) (Plaintiff could not recover damages in the nature of attorney’s fees from sheriff who made a false return of service, since the aggrieved party delayed complaining of that fact to the court in order to let time for service under Rule 4© to expire.)
4. Nothing in Rule 4(c) permits the designated special process server to delegate that function to another without leave of court. It is the responsibility of the *104 court appointing a special process server to assure itself of the fitness of the person making the service. There is no Massachusetts authority, however, for the proposition that a court, in an appropriate situation, may not appoint a sheriffs office with the authority to assign the service to a deputy in that office. Turning to the cognate Federal rule, we note that the leading commentator has discussed that question.
The order normally will designate only one person by name; in at least one instance [a 1938 U.S. District Court case] a request for an order for service by the county sheriff ‘or any of his deputies’ was not granted. Arguably, this result— reached in the very early days under the rules — reflects an unduly restrictive reading of Rule 4(c) (2) and would not be followed today.
4A C.A. Wright & A.R. Miller, Federal Practice and Procedure, §1091, at 480.
We conclude that a judge, designating a special process server under Mass. R. Civ. R, Rule 4(c), in the circumstance described here, may appoint a sheriff or chief deputy “or any of his deputies.” It was reasonable to interpret the Boston Municipal Court judge’s order allowing the appointment of “Middlesex County Chief Deputy Sheriff, Gerald E. Breen” as making such an appointment. At least, Jackpot could and should have requested clarification on that subject before the Boston Municipal Court judge in the action in which it had already appeared.[6]
5. Finally, we note that this is not a case where it was alleged that the officer acted improperly in the conduct of the levy itself. Compare Jessamey v. Norfolk Financial Corp., 2006 Mass. App. Div._(April 28, 2006). In the present case, Jackpot is not any worse off than it would have been had the truck been seized by Chief Deputy Breen or, for that matter, the Suffolk County Sheriff’s office. There are no damages attributable to that difference. As we have noted above, even if there were damages, they would have flowed from Jackpot’s own failure to oppose the order and may not be recovered against the defendants here. Embriano v Grosnick, supra.
The appeal is dismissed.
So ordered.

 Advantage was apparently caused to take this action because of the unwillingness of the Suffolk County Sheriff to levy against personal property in any action. This is not established on the record and is not a factor in our decision. However, it would have been a useful explanation for the judge’s appointment of a Middlesex County Sheriff to seize properly in Suffolk County.

 At which defense counsel failed to appear.

 The parties did not brief, nor do we consider, whether appointment of a process server makes the process “legally directed” to the process server under G.L.c. 220, §7.

 By affidavit, counsel for the creditor asserts that in moving to appoint “Middle-sex County Chief Deputy Sheriff, Gerald E. Breen” he intended to have any duly empowered Middlesex Deputy Sheriff serve the process. His intent is not controlling and would certainly have been better expressed had he moved to appoint “Middlesex County Chief Deputy Sheriff, Gerald E. Breen and any Middlesex Deputy Sheriff designated by him.”