David BUNN et al., Plaintiffs,

v.

Kevin GLEASON et al., Defendants.

Civil Action No. 06–12238–MAP.

United States District Court,
D. Massachusetts.

May 23, 2008.

Gregory A. Hession, Springfield, MA, Erin I. O'Neil–Baker, Glastonbury, CT, for Plaintiffs.

David S. Lawless, Nancy Frankel Pelletier, Patricia M. Rapinchuk, Robinson Donovan, P.C., Carole Sakowski, Lynch Morrison Mahoney LLP, Springfield, MA, for Defendants.

*MEMORANDUM AND ORDER REGARDING DEFENDANT'S MOTION TO DISMISS FOR INSUFFICIENCY OF PROCESS PURSUANT TO RULE 12(B)(5)* (Dkt. No. 51)

PONSOR, District Judge.

## I. *INTRODUCTION*

Defendant Scott E. Haley has moved to dismiss Plaintiffs' claims against him, asserting that he did not receive service of process until two years after this suit commenced, far beyond the 120–day period allowed under Fed.R.Civ.P. 4(m). For the reasons stated below, this motion will be allowed.

## II. *FACTS*

Defendant Haley is a sergeant in the police department of Palmer, Massachusetts, and as of the events precipitating this lawsuit was Lead Agent for the Eastern Hampden County Narcotic Task Force. Plaintiffs David Bunn, Judith Bunn, Christena Dodge, Daniel Collins, Jamie Dodge, Cougar John Bunn, Phoenix Dodge, and Justice Dodge are family members residing at the same house in Holland, Massachusetts.

Plaintiffs filed suit against Haley, along with Kevin Gleason, Kenneth Fitzgerald, and several other unnamed police officers, in both their individual and official capacities, in the U.S. District Court of the District of Connecticut on March 17, 2006, at which time the district court issued summons for all of the defendants. (No. 06–cv–00420.) The complaint charged Defendants with unlawful search and seizure, false arrest, and excessive force under 42 U.S.C. § 1983, First Amendment violations, deprivation of the Fourteenth Amendment right to substantive due process, and intentional infliction of emotional distress in connection with a search warrant executed on Plaintiffs' residence as well as other alleged harassment occurring in 2003. Plaintiffs claim, *inter alia,* that Haley intentionally made a number of misrepresentations in his affidavit supporting the application for that search warrant.

An affidavit of service filed with the court on April 17, 2006 indicates that on April 6, 2006, Defendant Kevin Gleason was personally served with a copy of the summons and complaint. (Dkt. No. 20, Attachment 4.) Plaintiffs concede that Haley was not served until 2008. On September 19, 2006, long after Rule 4(m)'s 120–day deadline, attorney Patricia M. Rapinchuk filed a notice of appearance with the district court, asserting that she represented "all of the defendants" in the suit. (Dkt. No. 51, Ex. C.) The same day, Rapinchuk also filed a motion to dismiss the case for lack of personal jurisdiction and improper venue. (Dkt. No. 51, Ex. D.) The Connecticut district court denied this motion on September 20, 2006.

On November 6, 2006, Rapinchuk signed a report compiled pursuant to Federal Rule of Civil Procedure 26(f) on behalf of Haley and the other defendants, indicating that the complaint had been served on April 6, 2006 and certifying that she had discussed the

case with all of the defendants. (Dkt. No. 60, Ex. B, at 1, 2.) According to Haley, however, he never retained Rapinchuk to represent him in any way, authorized her to accept service on his behalf, nor represented to anyone that she could do so. Haley himself had not been personally served with a copy of the summons or complaint as of February 27, 2008, the date he filed this motion. (Dkt. No. 51, Ex. B, Haley Aff. ¶¶ 3–6.)

The case was transferred to the District of Massachusetts, Eastern Division, on Plaintiffs' motion on December 12, 2006, and to this court on March 26, 2007. (Dkt. No. 51, Exs. F, G, H; Dkt. Nos. 20, 23.) Plaintiffs retained the same counsel they have had thus far in the case, attorney Erin I. O'Neil–Baker. On January 3, 2007, Rapinchuk filed a notice withdrawing her appearance with respect to all Defendants, and attorney Nancy Frankel Pelletier filed a notice of appearance on behalf of Defendants Gleason and Fitzgerald. (Dkt. Nos. 21, 22.)

Haley has submitted an affidavit attesting that he was not aware of his status as a named defendant in this litigation until February 2008. On February 27, 2008, attorney Carole Sakowski Lynch entered a notice of appearance on behalf of Haley (Dkt. No. 50) and a motion to dismiss under Rule 12(b)(5) for insufficient service of process. (Dkt. No. 51.) This court issued a summons against Haley on March 27, 2008, which Plaintiffs finally served on him on March 31, 2008. (Dkt. No. 62.)

### III. *DISCUSSION*

Fed.R.Civ.P. 4 governs the service of process on the defendant in a lawsuit. Rule 4(m) gives a plaintiff 120 days to perform this duty once a complaint is filed. In this case, that window closed in mid-July 2006. If the plaintiff fails to serve a defendant within the 120–day time period, the suit must be dismissed without prejudice or the court must order service to be made within a specified time. Fed.R.Civ.P. 4(m).

Rule 4(e) lays out the permissible avenues for service of process. It may be done in compliance with the law of the state in which the district court is located or where service is made; alternatively, a copy of the summons and complaint may be delivered personally to the defendant, left at the defendant's "dwelling or usual place of abode with someone of suitable age and discretion who resides there," or delivered "to an agent authorized by appointment or by law." "[O]nce challenged, plaintiffs have the burden of proving proper service" or explaining the lack thereof. *Rivera Lopez v. Municipality of Dorado*, 979 F.2d 885, 887 (1st Cir.1992).

Where a party has failed to provide proper service, Rule 4 specifies the court's options:

> If a defendant is not served within 120 days after the complaint is filed, the court ... must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed.R.Civ.P. 4(m). Thus, a plaintiff may escape dismissal in the face of insufficient service in two circumstances: where there is "good cause for the failure," or even if there is no good cause shown, where the court in its discretion decides to grant the plaintiff more time to effect service. *Id.; see also* Advisory Committee's Notes on Fed.R.Civ.P. 4 ("The [1993 amendment] explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, and authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown."); *Riverdale Mills Corp. v. U.S. Dep't of Transp. Fed. Aviation Admin.*, 225 F.R.D. 393, 395 (D.Mass.2005).

In this case, Plaintiffs concede that they did not serve Haley or any agent authorized by him to receive service within the required 120–day period. Thus, the question here is whether Plaintiffs have either demonstrated good cause for this failure or otherwise provided some reason for the court to extend the time limit for serving process up to March 31, 2008, when Haley was served.

Plaintiffs' principal argument is that their failure to serve Haley in a timely manner should not lead to dismissal of the charges

against him because they legitimately believed that Haley had waived any insufficiency of service defense after Rapinchuk filed a motion to dismiss in September 2006, ostensibly on Haley's behalf, without raising that issue. Rule 12(h)(1) provides that if a defendant does not include any defense listed in Rule 12(b) (including insufficiency of process) in his or her first responsive pleading or defensive motion, that defense is deemed waived. Fed.R.Civ.P. 12(h)(1); *Chute v. Walker*, 281 F.3d 314, 319 (1st Cir.2002).

■ Haley's affidavit makes clear that Rapinchuk's motion to dismiss did not in fact waive his insufficiency of process argument. Rule 12 specifies that a defense is waived by a party only if *that party*, not just any defendant in the case, has previously made a Rule 12 motion omitting that defense. Haley himself made no such motion. Rapinchuk was not acting as Haley's attorney, and thus her motion filed on behalf of her clients is not attributable to Haley on any theory, especially given that he did not know of his status as a defendant or Rapinchuk's representation that he was her client. *See Holzsager v. Valley Hosp.*, 646 F.2d 792, 796 (2d Cir.1981) ("[A] party cannot be deemed to have waived objections or defenses which were not known to be available at the time they could first have been made, especially when it does raise the objections as soon as their cognizability is made apparent.").

A closer question is whether Plaintiffs' explanation for their failure to serve Haley, based on the assumption that any claim of insufficiency of process was waived, constitutes good cause for the lack of service. " 'Good cause is likely (but not always) to be found when the plaintiffs failure to complete service in timely fashion is a result of a third person, typically the process server, the defendant has evaded service of the process or engaged in misleading conduct, the plaintiff has acted diligently in trying to effect service or there are understandable mitigating circumstance[s], or the plaintiff is proceeding pro se or in forma pauperis.' " *McIsaac v. Ford*, 193 F.Supp.2d 382, 383 (D.Mass.2002) (*quoting* 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1137, at 342 (3d ed.2002)).

The First Circuit's statements in *Benjamin v. Grosnick* provide some guidance as to the application of this exception to the service requirement. 999 F.2d 590 (1st Cir. 1993) (exploring issue of good cause under Rule 4(j), predecessor to Rule 4(m)). In *Benjamin*, plaintiffs filed suit and twelve days later received returns of service from a deputy sheriff swearing that he had personally served the only defendant in the case. *Id.* at 591. However, the defendant subsequently moved for dismissal, asserting that, while the returns of service indicated he had been served in Massachusetts, he had in fact been in Arizona on the date of alleged service. *Id.* Due to an unrelated stay of the case, this notice of improper service came over a year and a half after the complaint had been filed. *Id.*

The First Circuit held that these circumstances could constitute good cause for the failure to properly serve process within 120 days, since the plaintiffs had "completed all of the steps within their power necessary to effectuate such service," the error was the fault of the deputy sheriff, and "because of the deputy sheriff's sworn representations in the return of service, appellants reasonably believed that they had personally served appellees." *Id.* at 592 (finding deficient service of process on alternative ground of service of wrong complaint); *see also Elkins v. Broome*, 213 F.R.D. 273, 274–76 (M.D.N.C. 2003) (ruling that *pro se* plaintiff had acted in good faith, even though the process server he hired left a copy of the summons and complaint with a person who was not an authorized agent of the defendant for the purpose of receiving service, where plaintiff had "demonstrated some form of due diligence in attempting service" by hiring a professional process server who made numerous attempts to properly serve the defendant and plaintiff reasonably believed service had been effected).

■ In this case, Plaintiffs failed to exhibit anything resembling the diligence found in *Benjamin*. They provide no explanation of their failure to effect service on Haley within 120 days of their March 2006 filing of the complaint, a period that lapsed over two months before Rapinchuk filed the Septem-

ber 2006 motion to dismiss that Plaintiffs rely on to explain their behavior. *Cf. Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1307 (3d Cir.1995) (discounting "half-hearted efforts" as possible good cause for failure to serve); *Hertas–Laboy v. Rodriguez–Gonzalez*, 940 F.2d 646 (1st Cir.1991) (table case) (holding that good cause was not established where plaintiff's excuses for delayed service related only to period after expiration of 120–day deadline); *McIsaac v. Ford*, 193 F.Supp.2d 382, 383 (D.Mass.2002) (distinguishing *Benjamin* from case where plaintiff did not attempt to serve defendant until last possible day, without explanatory justification). *Compare Benjamin*, 999 F.2d at 592 (noting that failure to investigate adequacy of service was excusable despite notice of some insufficiency where plaintiffs had reason to believe they had properly served the defendant). Moreover, the fact that Plaintiffs did manage to serve defendant Kevin Gleason within the mandated time period highlights the complete lack of explanation for their failure to do so with Haley.

Furthermore, in this case the failure of service means that Haley faces significant prejudice should his motion to dismiss be denied. His affidavit attests that he currently has "very little memory" of the events underlying the charges against him (Dkt. No. 63, Ex. A, Second Haley Aff. ¶ 5), presumably due to the extended time lapse between those events in March 2005 and his actual notice of the suit in February 2008. If Haley had been properly served by July of 2006, his recollection would surely be significantly better, allowing him to mount a more effective defense. *See United States v. Ayer*, 857 F.2d 881, 886 (1st Cir.1988) (listing lack of prejudice to defendant as one motivation for finding good cause for insufficient service). *Compare Benjamin*, 999 F.2d at 592 (party not prejudiced by failure to serve where "he had actual notice of the lawsuit and secured through stipulation additional time to file an answer").

For these reasons, Plaintiffs' situation does not fit within the "good cause" exception to Rule 4. Moving on to the second step of this analysis, the court also declines to use its discretion to extend the time for service of process. This determination relies on "a number of factors, including whether '(a) the party to be served received actual notice of the lawsuit; (b) the defendant would suffer ... prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed.'" *Riverdale Mills Corp. v. U.S. Dep't of Transp. Fed. Aviation Admin.*, 225 F.R.D. 393, 395 (D.Mass.2005) (*quoting In re Sheehan*, 253 F.3d 507, 512 (9th Cir.2001)).

■ It is true that dismissal at this point, even without prejudice, will leave Plaintiffs unable to refile their claims against Haley due to the statute of limitations. The commentary to Rule 4 expressly identifies this as a basis for discretionary relief from the service requirements. *See* Advisory Committee's Notes on Fed.R.Civ.P. 4 ("Relief [under Rule 4(m) ] may be justified, for example, if the applicable statute of limitations would bar the refiled action...."). However, that factor is just one consideration for the court to take into account. *See Riverdale Mills Corp., supra; see also McIsaac v. Ford*, 193 F.Supp.2d 382, 384 (D.Mass.2002) (expressing view that extension of time limit due to statute of limitations problem is "exceptional relief" merited only "where an extension of time is sought prior to the expiration of Rule 4(m)'s deadline, or where a pro se litigant can show confusion on his part, either because of his unfamiliarity with the rules, or because of his reliance on the misleading advice of others").

Weighing in favor of dismissal is the fact that Haley did not receive notice of this suit until nearly two years after it was filed, and almost five years after the precipitating events.[1] This delay has had a substantial impact, resulting in an irrevocably lost op-

---

1. Plaintiffs argue that Haley must have had notice of the suit as of November 2006, as Rapinchuk certified at that time that she had consulted with him. Given that Rapinchuk's representation that Haley was her client was itself wrong, it is hard to see why her (perfunctory) certification that she had consulted with her clients should carry any more weight. Haley himself asserts that Rapinchuk did not in fact consult with him at any point either before or after that report was filed, nor was he aware that he was a defendant in this action at all until February 2008. (Dkt. No. 61, Ex. A, Second Haley Aff. ¶¶ 3, 4.)

portunity for Haley to record his recollection of these incidents and prepare for litigation. *Compare Riverdale Mills Corp.*, 225 F.R.D. at 395 (allowing extension where defendant had received relatively timely actual notice of suit and had not been prejudiced by delay in service). This circumstance undermines the weight given to any prejudice to Plaintiffs based on the operation of the statute of limitations, since a limitations period is meant to prevent just such a loss of key evidence due to the lapse of time between a lawsuit and the events underlying it. *See Zapata v. City of New York*, 502 F.3d 192, 198 (2d Cir.2007). Thus, the potential prejudice to Haley equals or exceeds the prejudice to Plaintiffs from dismissing these claims, especially since Plaintiffs may still continue to pursue their charges against the other defendants.[2]

Plaintiffs argument that Haley's insufficiency of process argument was waived after September 2006 has no merit for two reasons. First, Attorney Rapinchuk did not represent Haley, as the court has noted, and therefore could not have waived his rights. Second, Plaintiffs failed, with no explanation, to serve Haley during the six months prior to the filing of the motion to dismiss. Plaintiffs therefore bear primary responsibility for the predicament they find themselves in and are not entitled to an exemption from Rule 4's service of process requirements.

## IV. *CONCLUSION*

For the foregoing reasons, Defendant's Motion to Dismiss (Dkt. No. 51) is hereby ALLOWED. Defendant Haley is hereby dismissed from the case. The remainder of the case will proceed in accordance with the Scheduling Order issued by Chief Magistrate Judge Neiman on March 6, 2008 (Dkt. No. 52).

It is So Ordered.

---

2. While it appears that Haley was involved in the events underlying Plaintiffs' complaint, Defendant Gleason, who was properly served and will remain a party to this suit, was also involved in obtaining the allegedly illegitimate warrant to search Plaintiffs' residence. (*See* Dkt. No. 20, Attachment 21, Am. Compl. ¶¶ 49, 58 (charging both Haley and Gleason based on events surrounding issuance of search warrant).)